## OGDEN v. OGDEN.

(Court of Civil Appeals of Texas. El Paso. Feb. 15, 1912.)

1. DIVORCE (§ 184*)—PROCEEDINGS—DISCRETION OF TRIAL COURT.
    While trial courts have a large discretion in granting divorces, their discretion is not absolute, and, when it clearly appears from the undisputed testimony that a statutory ground for divorce exists, it is the duty of the court to grant one.
    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 570-573; Dec. Dig. § 184.*]

2. DIVORCE (§ 133*) — GROUNDS — ABANDONMENT—EVIDENCE—SUFFICIENCY.
    In a suit for divorce, evidence *held* to show plaintiff was entitled to a divorce on the ground of abandonment.
    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 446-448; Dec. Dig. § 133.*]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

Suit for divorce by N. H. Ogden against Minnie Ogden. From a judgment denying the divorce, plaintiff appeals. Reversed and remanded.

R. L. Rust, for appellant. S. W. Bishop, for appellee.

HIGGINS, J. This was a suit by appellant against his wife, the appellee, for a divorce, based upon the statutory ground of abandonment. The wife was alleged to have abandoned plaintiff in August, 1907, and the petition in the suit was filed October 28, 1910. Upon trial before the court, without a jury, judgment was rendered denying the divorce.

Plaintiff testified: That he was married to the defendant in 1906 and she left him about August, 1907, and had continuously remained away from him ever since. That he had not written her or made any effort to induce her to return since the separation. That during the entire time they lived together he treated her with kindness, affection, and forbearance, provided for her support and maintenance, and never gave her any cause whatever to leave him. That he did not drink or gamble, and had no trouble with his wife, except that she was very quarrelsome, but that he did not quarrel with her, and before her final abandonment in August, 1907, she had previously quit him and stayed away for about a month. The final separation took place about two or three months after she returned after leaving him the first time. That he did not know why she left him, as she never told him why, and he had not seen her since. That he still loves his wife. That he had no particular reason for desiring a divorce, except that they were not living together. He was not going with any other young woman, nor contemplating marrying again, and that there was no understanding or agreement between himself and any other woman that they would marry if he got his divorce.

D. A. Ogden, father of the plaintiff, testified that plaintiff and his wife had not lived together since August, 1907. Mrs. Della Ramsey testified that during the month of August, 1907, she and her husband lived in the house adjoining the one occupied by plaintiff and his wife; that she did not know just how long they had been separated; but that about three years before she saw the wife leave the plaintiff's house one day in a buggy in company with her mother.

[1] In opinion this day rendered in the case of Duffer v. Duffer, 144 S. W. 354, this court said: "From the earliest date our courts have strictly scrutinized all divorce proceedings and have always manifested a policy of conferring upon the trial court a wide latitude in determining whether or not the facts are such as to warrant the court in dissolving the marital relation, and in our present statute it is expressly provided where the husband or wife testifies that the court or jury trying the case shall determine the credibility of such witness and the weight to be given to such testimony." And it is further stated that "before granting a di-

---

vorce the trial court should be satisfied that the evidence fully and satisfactorily establishes the plaintiff's right to a divorce." But it was not meant that trial courts are vested with an absolute discretion in such matters, and where it appears from the clear, undisputed, and convincing testimony that a statutory ground for divorce exists, then it is the duty of the court to grant the divorce.

[2] In the instant case the plaintiff's testimony clearly and convincingly establishes his right to a divorce upon the statutory ground of abandonment, and the material facts are completely and fully corroborated by two witnesses, and it was the duty of the trial court, on the evidence adduced in this case, to have granted a divorce. Indeed, we think this court might well reverse and render the case in favor of the appellant, but in divorce proceedings we are loath to do so and will not do so except in exceptional cases.

We therefore reverse and remand this cause for retrial.