## BRUEGGERMAN v. BRUEGGERMAN.
### (No. 5717.)

(Court of Civil Appeals of Texas. Austin. Jan. 19, 1917.)

DIVORCE ☞184(5)—REVIEW—DISCRETION.

Where testimony of plaintiff, if believed, entitled her to divorce, and was corroborated by testimony of her mother, there being nothing to throw suspicion upon the veracity of the mother, refusal to grant divorce without hearing testimony of defendant is an abuse of legal discretion requiring reversal and remand.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 571; Dec. Dig. ☞184(5).]

Appeal from Criminal District Court, Travis County; A. S. Fisher, Judge.

Action by Wewe Brueggerman against Max Brueggerman. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Wright, Wynn & Harris, of San Angelo, and D. H. Doom and D. D. Pickrell, both of Austin, for appellant. Geo. Mendell, Jr., of Austin, for appellee.

JENKINS, J. Appellant brought this suit against appellee for divorce upon the ground of alleged cruel treatment, such as would render their living together as man and wife insupportable. The testimony of the appellant, if believed, showed that she was entitled to divorce. She was corroborated by her mother, and there is nothing in the record to throw suspicion upon the veracity of the latter's testimony. At the conclusion of the evidence in behalf of appellant the court announced that he would not hear any testimony for the defense, but would refuse the divorce.

In such cases it is within the discretion of the court to refuse to enter judgment in favor of the plaintiff, but this is a legal discretion and subject to review; and where, as in this case, the testimony is corroborated, and nothing appears to discredit the testimony of the corroborating witness, we do not think that the court could arbitrarily refuse the divorce. It may have been that such action of the court would have been justified had the testimony for the defendant been heard, but it was not.

For the reasons stated, the judgment of the trial court is reversed, and this cause remanded for a new trial.

Reversed and remanded.

---

## SOUTHERN TRACTION CO. v. HAWKINS.
### (No. 5689.)

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1916. Rehearing Denied Jan. 24, 1917.)

APPEAL AND ERROR ☞1177(7)—REVERSAL—INSUFFICIENCY OF EVIDENCE.

In an action against a street railroad by a party who drove his automobile in broad daylight against a moving street car, case reversed for a determination of the material issues of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4609; Dec. Dig. ☞1177(7).]

Appeal from McLennan County Court; George N. Denton, Judge.

Action by E. W. Hawkins against the Southern Traction Company. From a judgment for plaintiff, defendant appeals. Case reversed and remanded.

Nat Harris and Spell & Sanford, all of Waco, for appellant. Williams & Williams, of Waco, for appellee.

JENKINS, J. Appellant's street car was being propelled south on Tenth street in the city of Waco in the daytime. Appellee, who was familiar with the operation of the cars on said street, was traveling west on Morrow street, at right angles to Tenth street. He drove his automobile against the street car, striking the same about the center or near the rear. His auto was injured by the collision. He alleged negligence upon the part of appellant: (a) In failing to ring the bell or sound the gong; (b) in traveling at a high and dangerous rate of speed; and (c) in failing to discover appellee in time to avoid the collision. The testimony as to these allegations was conflicting. Appellant, in addition to a general denial, alleged contributory negligence on the part of appellee. There was judgment for appellee for $350.

Perhaps one may drive an automobile in broad daylight against a moving street car without being guilty of contributory negligence, but that such was the fact in the instant case is not made to appear. The case was not as fully developed as it should have been. For instance, it appears that there was a house and some trees on the lot at corner of Tenth and Morrow streets, but it does not appear whether or not these interrupted appellee's view of the car on Tenth street. Appellee stated that he saw the street car when he was about the property line on Tenth street, but the evidence does not show the width of that street. Appellee says that he could have stopped his auto in about its length, but the testimony does not show the length of his car.

In order that material issues of fact may be determined by the trial court, this case is reversed and remanded.

Reversed and remanded.