# DANIEL v. DANIEL. (No. 1829.)

Court of Civil Appeals of Texas. Beaumont.
April 5, 1929.

Richard T. Fleming and Fulbright, Crooker & Freeman, all of Houston, for appellant.

Frank Williford, Jr., and Heidingsfelder, Kahn & Branch, all of Houston, and Howard P. Green, of Cuero, for appellee.

O'QUINN, J. Appellant brought this suit against his wife, appellee, for a divorce on ground of excesses, cruel treatment, and outrages of such a nature as to render their longer living together insupportable. Appellee answered by general demurrer, general denial, and certain special pleas not necessary to mention. The cause was tried to a jury, but when appellant had concluded his direct evidence, on motion of appellee, the court took the case from the jury and rendered judgment denying the divorce. This appeal is from that judgment.

The only question is, Was the court justified in sustaining appellee's motion that there was no fact question to go to the jury and in rendering judgment denying the divorce. Appellant's petition is quite voluminous, fully pleading the many acts of appellee alleged by

appellant to constitute the excesses, cruel treatment, and outrages complained of, and these specifications were followed by the general allegation: "Plaintiff alleges that defendant's actions and conduct as above set forth, taken jointly and severally toward him generally, are of such a nature as to render their further living together as husband and wife insupportable; * * * that the foregoing allegations, taken jointly and severally, constitute such excesses, cruel treatment and outrages by defendant toward plaintiff as to constitute such ill treatment as is of such a nature as to render their living together wholly insupportable."

The petition stated a cause of action on the grounds alleged. We have carefully considered the evidence offered by appellant and believe that it sufficiently supports the allegations. That being true, and there being nothing to oppose said allegations and evidence but the general demurrer and general denial in appellee's answer, the court erred in sustaining the motion to withdraw the case from the jury, and in rendering judgment denying the divorce. Appellant, in this state of the case, had the right to have his case submitted to the jury for them to determine whether his allegations were true. While it is true that the law (article 4632, R. S. 1925) requires that the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition, still said statute specifically provides that either party may demand a jury to pass on the sufficiency of the evidence, and we do not believe that in cases in the attitude of the instant case the court has the right to take the case from the jury, and himself in the first instance pass upon the sufficiency of the proof to sustain the allegations in the petition. This would be an abuse of the discretion vested in him. It is well settled under the statute mentioned, supra, the court is not bound by the verdict of the jury, and he may refuse to render judgment in accordance with the verdict, but in that case he would have to set aside the jury's verdict; he would not be justified in refusing to submit the case to the jury and then determining the disputed question of fact himself. See Brueggerman v. Brueggerman (Tex. Civ. App.) 191 S. W. 570; Tinnon v. Tinnon (Tex. Civ. App.) 278 S. W. 283; Caywood v. Caywood (Tex. Civ. App.) 290 S. W. 889; Ellis v. Ellis (Tex. Civ. App.) 251 S. W. 287; McNabb v. McNabb (Tex. Civ. App.) 207 S. W. 129; Dawson v. Dawson (Tex. Civ. App.) 132 S. W. 379; Golding v. Golding, 49 Tex. Civ. App. 176, 108 S. W. 496.

Our conclusion is that the court erred in taking the case from the jury and in rendering judgment before the case had been fully developed, appellant having made a prima facie case entitling him to the relief sought; therefore the judgment of the court below should be reversed, and the cause remanded for another trial, and it is so ordered.

Reversed and remanded.