## BAKER v. BAKER.

No. 9870.

Court of Civil Appeals of Texas. San Antonio.

June 3, 1936.

Rehearing Granted Nov. 25, 1936.

On Rehearing April 14, 1937.

G. Woodson Morris, of San Antonio, for appellant.

Leonard Brown, of San Antonio, for appellee.

SMITH, Chief Justice.

In this cause Helen M. Baker was given a decree of divorce from her husband, Millard F. Baker, as she had prayed for. There was no appeal from that decree, but appellant is complaining, in this appeal, of the judgment adjudicating the property rights between her and her husband. The trial court found all the property to be community property, and divided it equally between the parties. The cause was tried before a jury, but at the conclusion of the testimony, the trial judge, at the instance of appellee, discharged the jury and rendered judgment dividing the property as indicated.

The appeal is controlled by the contention of appellant that as there was evidence raising the issue of whether the property involved constituted community property, or the separate property of the wife, the trial judge erred in taking that issue from the jury, and determining it himself. We are of the opinion that the court did err in that action.

There was evidence tending strongly to show that appellant was possessed of a substantial sum in cash at the time of her marriage to appellee; that from time to time thereafter, and during coverture, she received other moneys and securities in a sum, together with the amount she had on hand at the time of her marriage, aggregating approximately $20,000; that said amounts, when paid to appellant, were deposited in a joint account of appellant and appellee, with the express agreement between the two, that all said sums, although deposited in the joint account, should be and remain the separate property of appellant; that from time to time cash was withdrawn by the parties from said account and invested in realty and securities, title to which, by agreement, was placed in the name of appellee, with the express agreement between the parties that such realty and securities should be and remain the separate property of appellant. The parties ever afterwards so treated it.

Now, while it is true the general rule is that property acquired by either spouse during coverture is presumed to be community property, yet, such presumption is rebuttable, and if it be made to appear, by parol or otherwise, that it was the intention of the parties at the time the property was acquired that the same should be and remain the separate estate of either spouse, that intention will be given effect, as between the two. 23 Tex.Jur. c. 8, p. 155 et seq., and authorities there cited.

The question of whether that intention existed in this case, was one of fact, which appellant was entitled to have submitted to the jury, and we conclude the court erred in withholding it from the jury. The question is important, since the court concluded, as a fact, that the property involved belonged to the community estate, and not to appellant's separate estate, and divided it equally between the spouses upon that theory. It will be presumed that if the jury had found that the parties intended the property to be the separate property of appellant, or that title thereto was put in the name of appellee in trust for appellant, the trial judge would have made a different adjudication between the parties.

It is a familiar rule, of course, as contended by appellee, that the trial judge may in his discretion apportion the property involved between the parties as he deems best, without regard to jury findings, which are advisory only. But that discretion does not extend to the issues of fact from which the character of the estate is determinable. In jury cases those issues must be submitted to the jury, and the court erred in not submitting them in this case.

There being no appeal from the decree granting the divorce, the judgment thereon will be affirmed, but in all other respects the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

MURRAY, Justice.

A majority of this court has decided that we were in error in reversing and remanding a part of the judgment of the trial court, and have concluded that the entire judgment should be affirmed.

At the conclusion of all testimony appellee filed a written motion in the trial court, requesting that the jury be discharged and that the court proceed to decide the case, without the intervention of the jury. This motion was not resisted by appellant in any way, nor was the court's action in discharging the jury excepted to by appellant. After the jury had been discharged and a rather long and complicated decree rendered, decreeing that all of the property owned by both appellant and appellee was community property and should be divided equally between the parties, appellant excepted to such judgment and gave notice of appeal to this court.

Appellant does not here complain of the action of the court in deciding the question of divorce, of homestead, and of attorney's fees, without having submitted the same to the jury, but she does complain of the action of the trial court in deciding that all of the property was community property, without having first submitted such question to the jury.

The mere exception to the judgment of the court was not sufficient to raise the question of denying to appellant the right of trial by jury. When the court granted the motion of appellee to discharge the jury the record should affirmatively show that appellant then and there excepted to the action of the court and objected to the jury being discharged, and the failure of the record to so show is construed by a majority of this court as an acquiescence in such conduct of the trial judge by the appellant, and she will not be heard for the first time in a motion for new trial to raise such objection. Article 4632, R.S.1925, provides that in a divorce suit either party may demand a jury. Where such demand is so made by either party it is the duty of the court to submit all questions of fact arising from the testimony, to such jury, and although the findings of the jury are not binding upon the court, and are advisory only, nevertheless, failure to submit such issues to the jury is reversible error. Daniel v. Daniel (Tex.Civ.App.) 16 S.W.(2d) 303.

However, where a motion is made by one of the parties to discharge the jury and have the trial court decide all questions of fact, and such motion is granted by the court without objection then and there made by the opposing side, such conduct constitutes a waiver of the right of trial by jury, and neither party will thereafter be heard to complain that issues of fact should have been submitted to the jury. Andrle v. Fajkus (Tex.Civ.App.) 209 S.W. 752.

The effect of the original opinion is to affirm the judgment rendered by the court, without the intervention of the jury, granting the divorce, setting aside the homestead for the use of the wife and fixing the amount of the attorney's fees, but to reverse that part of the judgment declaring all property to be community, because this one issue was not submitted to the jury. This action is based upon the fact that appellant does not complain of the action of the court in deciding, without the intervention of a jury, the questions of divorce, the homestead rights, and the amount of attorney's fees, but only complains of the failure of the court to submit to the jury the one issue of the character of the property.

It is plain that if appellant had no objection to the court's deciding without the intervention of a jury, the main object of the suit, to wit, the divorce, but only desired one special issue submitted to the jury, it was the duty of appellant to except to the failure of the court to submit that special issue and request its submission to the jury. Article 2190, Vernon's Ann.Tex.Statutes; Newberry v. Johnson (Tex.Civ.App.) 274 S.W. 667; Coon v. Ewing (Tex.Civ.App.) 275 S.W. 481; Musey v. Hires Co. (Tex.Civ.App.) 276 S.W. 737; Hill v. Hill (Tex.Civ.App.) 193 S.W. 726.

It appears to the majority of this court that appellant's complaint is not that the jury was discharged, but rather that the court did not decide the question of separate property in her favor.

In the original opinion it is stated, in substance, that the trial judge may apportion the property involved between the parties as he deems best, without regard to jury findings, but that this discretion does not extend to the issue of fact from which the character of the estate is determinable. That, therefore, the trial judge may decline to submit to the jury the question of the apportionment of the property, but he must submit the issue of the character of the estate to the jury.

The majority cannot concur in this holding. We conclude that where a jury has been demanded and not waived all issues arising from the evidence in a divorce case must be first submitted to the jury, although the findings of the jury are advisory only. The judge must give the jury an opportunity to advise him on all disputed fact issues before rendering his judgment, unless

same are waived in some manner. Daniel v. Daniel (Tex.Civ.App.) 16 S.W.(2d) 303.

Appellant not having objected to the discharge of the jury, at the time they were discharged, is not in a position to here complain of the fact that the trial court did not submit an issue to the jury with reference to the separate property of appellant.

Accordingly, appellee's motion for rehearing will be granted, our judgment heretofore entered in this case set aside, and the judgment of the trial court in all things affirmed.

SMITH, Chief Justice (concurring).

I concur in the judgment of affirmance, but do so, only, upon the finding of the majority that appellant did not properly make and preserve timely objections and exceptions to the action of the trial judge in discharging the jury without submitting to them the issues of fact in the case.

The sole, or at least the controlling, law question presented in the appeal, as I understand it, is that of whether appellant was entitled to have the impaneled jury pass upon the weight and credibility of material testimony establishing the character of the estate (separate or community) the respective parties had in the property to be distributed between them. Certainly no other question of law was decided, or sought to be decided, in the original disposition.

It was, and still is, my opinion that appellant was entitled to have the jury pass upon those issues, notwithstanding it was the prerogative of the trial judge, even in disregard of advisory jury findings upon other issues, to apportion the property among the parties, having in mind, nevertheless, the character of their respective estates therein, as determined from jury findings with respect to that issue.

It was held in the original opinion, simply, that there being issues of fact which would authorize or require the judge to hold as a matter of law that some of the property to be disposed of was the separate property of one of the parties, then that party was entitled to have the jury pass upon those issues of fact, in order that the judge might apply the law to those facts, and dispose the property accordingly. I think that holding was correct, and adhere to it.

But, in deference to the finding of the majority that appellant did not timely make and consistently save the point relied on for reversal, I concur in affirmance.

On Rehearing.

MURRAY, Justice.

We have concluded that we were in error in holding that appellant did not properly and timely object and except to the action of the trial court in discharging the jury.

In Korn v. Korn (Tex.Com.App.) 15 S. W.(2d) 1017, it is definitely held that when complaint is made in a motion for a new trial of the court's action in withdrawing the case from the jury, discharging the jury, and rendering judgment, the error is properly presented on appeal where the judgment recites such facts.

The holding of the majority herein is in conflict with this recent opinion, decided by the Commission of Appeals, and approved by the Supreme Court.

Accordingly our judgment on motion for rehearing, affirming the judgment of the trial court, will be set aside and the judgment affirming in part and reversing and remanding in part in accordance with the original opinion, is sustained.