## HAMM et al. v. HAMM.

### No. 14324.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 23, 1942.

Rehearing Denied Feb. 27, 1942.

Napier & Napier, of Wichita Falls, for appellants.

Elmer H. Parish, of Wichita Falls, for appellee.

SPEER, Justice.

This is a suit by plaintiff V. E. Hamm against his wife, defendant Patricia A. Hamm, for divorce. Plaintiff also sought custody of their two year old son.

Defendant answered by general denial and by cross-action for divorce, a division of community property, custody of the child, provisions for his support and maintenance, to set aside one piece of real estate as homestead for herself and child, and for other equitable relief. Defendant alleged fraudulent conveyances of both real and personal property .by plaintiff to named individuals and made them parties, to the end that they would be bound by orders of the court, with respect to said conveyances. In view of the judgment entered and the disposition to be made of this appeal, those interpleaded parties need not be further noticed.

A jury was demanded and empanneled. By its verdict on special issues, plaintiff's grounds for divorce were sustained, and there were other findings of fact relating to titles of both real and personal property belonging to the parties.

Judgment for divorce was entered on plaintiff's petition. Custody of the child was awarded to defendant. All real estate was awarded to plaintiff; none was set aside as a home for the defendant and child. A certain note for $15,000 was divided equally between plaintiff and defendant. The disposition by the court of that note appears to be the real basis of the appeal by plaintiff.

 No motion for new trial was filed, and it follows that fundamental error must appear before this court can take cognizance of anything complained of. Stillman v. Hirsch, 128 Tex. 359, 99 S.W. 2d 270. Fundamental error ordinarily is one which appears from the transcript. Lewis v. Lewis, Tex.Civ.App., 125 S.W.2d 375, writ refused. We may add, however, that no statement of facts in this case has been brought up.

Four of the six alleged fundamental errors called to our attention by plaintiff are relied upon by him for reversal, challenge the right of the court to award title to the note, as he did. Reasons assigned are, in substance: (a) Because the jury was asked in a special issue whether or not the note was community property and it answered, "Partly, Mrs. Hamm's interest governed by amount of sales price of Texas Theater only." And (b) the trial court had no right to disregard the verdict of the jury in the absence of a motion for judgment non obstante veredicto.

A careful study of the record before us reveals that there was a contention by the defendant that certain real estate, consisting of five houses and lots in the City of Wichita Falls, funds secreted by plaintiff,

the amount of which she did not know, as well also the note for $15,000 which was alleged to have been fraudulently transferred by plaintiff to deprive her of her interest therein, were community properties.

The jury verdict found that the real estate was the separate property of plaintiff; that he was secreting $4,000 of community money from his wife, and that the moneys in three banks in Wichita Falls in the name of plaintiff were community funds. The amounts in the respective banks are not disclosed by the record. There is also a finding that plaintiff had transferred the $15,000 note to one of the interpleaded defendants in the cross-action, to keep his wife from receiving her interest therein. There is also a finding by the jury that a certain house on leased lands in New Mexico was the separate property of the wife and that the plaintiff had intentionally damaged the house to the extent of $500. There is a further finding that a certain automobile then in the possession of the plaintiff was purchased with community funds; the value was not determined. Special Issue 28 and its answer, upon which fundamental error is assigned, reads: "Do you find from a preponderance of the evidence that the $15,000.00 note, signed by McCollum and Montgomery, secured by theater equipment and payable to V. E. Hamm (plaintiff) was community property of plaintiff and defendant, as that term has been hereinbefore defined to you?" The answer was: "Partly—Mrs. Hamm's interest governed by the amount of sales price of Texan Theater only."

The judgment awarded to plaintiff the five houses in Wichita Falls, found by the jury to be his separate property, and to defendant the New Mexico lodge, found by the verdict to be her separate property. Relating to other property and its division, the judgment reads: "It is further ordered, adjudged and decreed by the court, that the defendant, Patricia A. Hamm, have and recover of plaintiff, V. E. Hamm, and the cross defendant Tex Davis (to whom plaintiff had transferred the note) an undivided one-half interest in and to said note ($15,000.00) executed by the said Jack McCollum and R. B. Montgomery * * *." There are further provisions requiring the makers to pay one-half to plaintiff and the same amount to defendant. By another paragraph in the judgment it is provided: "It is therefore ordered, adjudged and de-

creed by the court that the said Patricia A. Hamm, defendant herein, recover nothing of the community property except that hereinabove designated * * *."

We do not construe the wording of the judgment to mean that the court awarded defendant the half interest in the note because the jury had found it to be community property. In fact the jury's answer may or may not have meant that it was community. There were several other items that the jury unmistakably determined belonged to the community. These items were $4,000, all funds in three banks, the amount not shown, and the automobile in plaintiff's possession. Nothing was allowed her for the $500 intentional damage done by plaintiff to her separate property, nor was anything allowed under her prayer for one of the houses to be set aside as a home for herself and child.

█ In the absence of a statement of facts, we are not in a position to say that the answer to Special Issue 28 was not full and complete information to the court in arriving at the interest of defendant in the note. If by stipulation or by the uncontradicted testimony it was established as a fact that the sales price of the Texan Theater rendered the note community property, the jury's answer was a sufficient finding that the note was community property. From the record before us we cannot know just how the sales price of the theater entered into the note. If, however, the judgment entered meant that defendant was entitled to the one-half interest because it was community property, we must presume that the facts supported the court's judgment. Article 2190, R.C.S.

█ There is another reason why we should not strike down the judgment in a divorce case such as this. It is a well settled rule of law in this state that when a divorce is granted, the trial court may make such division of the estate of the parties as he shall deem just and right. Article 4638, R.C.S. It has often been held that much latitude is given the court in the exercise of his discretion under all the facts and circumstances in each case. He is not permitted by this statute to divest either party of title to real estate, nor shall he abuse his judicial discretion. Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538, and cases cited. When divorce is granted and a minor child is awarded to the wife, as was done here, the estate to be divided by the

court is not confined to the community but may include the separate personal property of the husband. The separate real estate of the husband may be placed in trust for the use of the wife, if the court deems it proper and right. Scott v. Fort Worth National Bank, Tex.Civ.App., 125 S.W.2d 356, writ denied.

Plaintiff cites Baker v. Baker, Tex.Civ.App., 104 S.W.2d 531, in support of his contention that the trial court could not properly enter the judgment complained of because Special Issue 28 was not answered. As we read that case, it does not support his contention. First, because in the cited case the error was based upon the fact that the issue was not submitted to the jury; in the instant case the issue was submitted and answered, as above shown. Second, if the validity of the judgment depended entirely upon how the issue was to be answered (which we think it did not) the court impliedly determined that the uncontroverted facts did support the judgment. The case cited recognizes the rule so frequently announced that the trial court is not bound by the verdict in such cases as this, but that it is advisory only. This means that after the jury has passed upon such fact issues, the court may in his discretion disregard the verdict and divide the estate in such manner as shall seem just and right.

When we consider the fact that a divorce was granted, the custody of the minor awarded to defendant, the real interest she had in other community property not divided and the answer made to Special Issue 28, we see no abuse of discretion by the court in the division of property made by him.

By his fifth point, plaintiff claims fundamental error is presented because the court made the award of the real property to him conditioned that he observe the award to defendant and deliver to her the one-half of the note. It is not contended that the judgment is not a final one. Of course, if it is not final he would have no right of appeal, but we are treating it as final, for the reason he would be bound to observe its provisions whether the judgment had so recited or not, and the conditions referred to may be considered as surplusage. Plaintiff could not take titles awarded to him and resist those made to the wife.

The sixth point claimed to present fundamental error is in effect that because the jury found in response to Special Issue 38 that the parties agreed on January 8, 1941, they would condone the wrongs done by each and again live together as husband and wife, no judgment for divorce could be entered in this case. The contention presents a peculiar situation. Plaintiff sought a divorce upon statutory grounds. The jury found the facts to be in his favor and judgment was entered on the verdict. He now contends that in view of the finding of condonation on January 8, 1941, the court erred in entering the judgment. His petition was filed on January 3, 1941. Defendant's answer and cross-action upon which trial was had, was filed on February 8, 1941; the judgment was entered March 28, 1941. Condonation will defeat a divorce, but such acts or agreements between the parties carry with them the express or implied obligation not to repeat the wrongful acts and to treat each other in the future with conjugal kindness, and the breach of either would revive the former misconduct. Bingham v. Bingham, Tex.Civ.App., 149 S.W. 214; Tinnon v. Tinnon, Tex.Civ.App., 278 S.W. 288. We are warranted in assuming that one of the parties made proof of the condonation, otherwise the court would not have submitted that issue. No objection was made to the submission of the issues relating to the alleged grounds of divorce, nor were any requested issues presented for a finding of whether the grounds occurred before or after January 8, 1941. The presumption prevails that if the grounds for divorce occurred after January 8th, or that defendant did not treat plaintiff with conjugal kindness and consideration thereafter, all preceding misconduct could be relied upon by plaintiff; this for the reason the court entered a judgment for divorce upon plaintiff's allegations and proof. Absent a knowledge by us of the facts proved, we must presume there was no disputed fact on one or the other phases mentioned. Article 2190, R.C.S. We see no fundamental error in the contention.

All points are overruled and the judgment of the trial court is affirmed.