## DEEBS v. DEEBS.
### No. 11429.

Court of Civil Appeals of Texas. Galveston.

July 23, 1942.

Rehearing Denied Oct. 1, 1942.

Charles H. Mayer, of Houston, for appellant.

No brief filed for appellee.

GRAVES, Justice.

This appeal—in a suit by the wife against the husband for divorce, on the alleged ground of cruel treatment—is from a judgment of the 127th District Court of Harris County denying the appellant the prayed-for divorce, notwithstanding a jury's answer in her favor to this single issue submitted to it:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that the defendant, James Deebs, has been guilty of excesses, cruel treatment and outrages towards the plaintiff of such a nature as to render their further living together insupportable?

"Answer—"We do" or "We do not."

The decree recited:

The jury, having retired to consider their verdict and answer to said special issue, on the same day returned into open court the following verdict and answer, towit: "We, the jury, answer the special issue submitted to us by the court as follows: No. 1. Yes, We do. (Signed) E. R. Depperman, Foreman, which findings were received and considered and understood by the Court, and thereupon the Court, find the evidence not full and satisfactory to the Court, declined to be bound by the verdict of the jury, and rendered judgment for the defendant."

No other findings of either fact or law were either filed or requested although both parties were represented by counsel throughout the trial below. In this court, however, only the appellant has appeared or filed a brief, the appellee having done neither. Her sole point for reversal, presented separately both against the trial court's original judgment and its subsequent order overruling her motion for new trial, is this: "The failure of the Court to render judgment for plaintiff on the jury's finding that the defendant has been guilty of excesses, cruel treatment and outrages against the plaintiff of such a nature as

to render their further living together insupportable, since there was ample evidence to support such a finding and sufficient to satisfy the mind of the Court that the same was full and satisfactory."

After a careful review of the record, including the entire statement of facts, it is determined that this contention should not be sustained.

■ There were only three witnesses, the wife, the husband and the former's sister, who lived with the parties for about seven months in their home at Houston. She corroborated some of the testimony of the wife against her husband as to his fussing, quarreling, cursing at her, and his failure to sufficiently support his family, etc., but stated she had never seen him strike or lay hands on her, and gave no testimony whatever as to appellant's major charge against him—to the effect that he had habitually forced her against her will to have sexual intercourse with him in an unnatural way. That was not alone the most serious ground upon which she based her case below, but, likewise upon appeal, assuming it to have been fully established there, it becomes well nigh the only one she urges under her quoted presentment for a reversal here.

In support her cited authorities are these. Abrego v. Abrego, Tex.Civ.App., 115 S.W. 2d 1039; Erwin v. Erwin, Tex.Civ.App., 40 S.W. 53; Jernigan v. Jernigan, 37 Tex. 420; Ogden v. Ogden, Tex.Civ.App., 144 S.W. 355; Rivers v. Rivers, Tex.Civ.App., 133 S.W. 524; Spruill v. Spruill, 1 Posey Unrep.Cas. 224.

It is true these authorities hold that the discretion of the district court under the statute, R.S.Article 4632, to grant or refuse a divorce, is subject to revision upon appeal, both on the law and the facts, and that much weight will there be accorded to the verdict "by a jury of men of common sense from observation"; but it is also true that the orderly exercise of such discretion by that court, even though it be, as in this instance, to set aside a jury's verdict and enter its own notwithstanding, will not be reversed, unless a clear abuse is shown. This court is unable to hold that such an abuse has been shown.

It becomes unnecessary to descend further into the sordid details of either the pleading or the wife's testimony touching this her most serious charge against her

760

husband; the trial court—as the record reflects—heard them all, having subjected both parties to severe examinations and cross-examinations, and they, in deliberation, twice in effect found that it had not been established. This court, in its turn, as indicated supra, has also read all the evidence, and in consequence is unable to hold either that there was no sufficiently supporting testimony, or that its judgments constituted any abuse of its judicial prerogative. The wife testified that "those unnatural relations" ceased entirely when she left her husband in Yoakum, that when she returned to him here in Houston, four years before this trial, "I made him understand that those things can't go on; the last time I lived with him as husband and wife was before I came to Houston." The husband himself steadfastly denied that any such practices had ever occurred at any time.

The trial court, with the witnesses so before it, was obviously in better position to appraise such testimony in its entirety, hence this court cannot properly disturb its finding.

The judgment will be affirmed.

Affirmed.