## SKOP v. SKOP.

### No. 11862.

Court of Civil Appeals of Texas. Galveston.
March 6, 1947.

Rehearing Denied April 3, 1947.

Motion to Certify Denied April 3, 1947.

Ladin, Lieberman & Boarnet, Seymour Lieberman, William E. Ladin, and John A. Black, Jr., all of Houston, for appellant.

Nowlin Randolph and Joseph J. Hiller, both of Houston, for appellee.

GRAVES, Justice.

This cause of action was a suit for divorce by the plaintiff, Molly Skop, against her husband, David Skop. The grounds relied upon for divorce were that the defendant was guilty of excesses, cruel treatment, and outrages towards the plaintiff, which ill treatment was of such a nature as to render their living together insupportable, as provided for under Article 4629, Paragraph 2, of Vernon's Civil Statutes of the State of Texas. A jury was duly employed and sworn and the plaintiff put on her evidence, which raised issues of fact over whether or not the material averments of her petition were true. After plaintiff rested the defendant put on his evidence, in support of his denials of all her charges. After defendant rested, plaintiff put on her rebuttal, and rested. Thereupon the court, upon request made by defendant for an instructed verdict, instructed the jury to render a verdict against the plaintiff and in favor of the defendant, which verdict was returned and judgment against her was entered "upon the said verdict and findings of the jury in favor of defendant and against plaintiff," without allowing the disputed issues to be decided by the jury, to which the plaintiff duly excepted and gave notice of appeal to this court.

Appellant's sole presentment here is that the trial court erred in sustaining the appellee's motion to withdraw the case from the jury and render judgment denying her a divorce, since the evidence clearly entitled her to go to the jury on the issue of cruel treatment; that where a cause is being tried before a jury in such circumstances, and the applicant for the divorce not only pleads a good cause of action for the divorce on the ground of cruel treatment, but further, upon the facts, as she states it, "makes a prima facie case, it is error for a Judge to take the case from the

jury and instruct a verdict against the plaintiff." She cites in support of her contention these, among other, authorities: Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251; Caywood v. Caywood, Tex. Civ.App., 290 S.W. 889; Daniel v. Daniel, Tex.Civ.App., 16 S.W.2d 303; McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; McNabb v. McNabb, Tex.Civ.App., 207 S.W. 129; Sheffield v. Sheffield, 3 Tex. 79; Wright v. Wright, 50 Tex.Civ.App. 459, 110 S.W. 158; Constitution of Texas, Article I, Sec. 15, Article V, Sec. 10, Vernon's Ann.St.; Revised Civil Statutes of Texas, 1925, Article 4629, Par. 2, Article 4632, Vernon's Ann.Civ.St. arts. 4629(2), 4632.

The applicable portion of the statute involved, that is, Article 4632, Vernon's Texas Civil Statutes, is this: " * * * the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition. Either party may demand a jury."

In reply to such petition, appellee, in substance, interposed this: "It has been uniformly held that this language (of the quoted statute) means that the court must be satisfied that the plaintiff is entitled to a divorce, and, if the court is not so satisfied, then he may refuse to grant the divorce, even if the jury finds for the plaintiff, or he may direct a verdict, without sending the case to the jury."

In turn, he relies upon these authorities: Brueggerman v. Brueggerman, Tex.Civ. App., 191 S.W. 570; Daniel v. Daniel, Tex.Civ.App., 16 S.W.2d 303; Deebs v. Deebs, Tex.Civ.App., 164 S.W.2d 758; De-Fierros v. Fierros, Tex.Civ.App., 154 S.W. 1067; Garza v. Garza, Tex.Civ.App., 191 S.W.2d 767; Hansen v. Hansen, Tex.Civ. App., 96 S.W.2d 548; Harrell v. Harrell, Tex.Civ.App., 261 S.W. 205; Kreiter v. Kreiter, Tex.Civ.App., 137 S.W.2d 184; Moore v. Moore, 22 Tex. 237; Paulson v. Paulson, Tex.Civ.App., 21 S.W. 778; Smith v. Smith, Tex.Civ.App., 218 S.W. 602.

It is apparent that the differences between the parties get down to a single one of whether or not it was an abuse of the trial court's discretion, under Article 4632, for the court—in the distinct state of facts recited—to so direct a verdict against the plaintiff, without the case having gone to the jury for its finding as to the facts.

This court is constrained to agree with appellant that such action was error; it will be noted from the quoted language of the court's judgment that it was entered only "upon said verdict and findings of the jury in favor of defendant and against plaintiff", and not upon any independent findings of the court itself from the evidence that it was not full and satisfactory to the court, and failed to sustain the material facts alleged in the appellant's petition.

In other words, the trial court, without waiting to make, or in fact making, any such finding of a lack of full and satisfactory evidence upon its own part, set at naught the exercise of any function or discretion whatever upon the jury's part by, in the first instance, instructing it to find against appellant, and, in the second, entering its judgment adversely to her, based wholly upon that directed finding after it had been duly returned by the jury.

From a reading of the sections of the Constitution cited supra, that is, Article I, Sec. 15, and Article V, Sec. 10, it would seem that the provision of R.S. Article 4632 that "either party may demand a jury", was not a meaningless gesture, but that in such an instance as this one the trial court was under the duty of seeking at least an advisory finding from the jury on whether or not the material allegations of the appellant's petition were true, and that it was without authority to so prejudge the case in the absence of that. The holding of the Beaumont Court of Civil Appeals in the cited Daniel case, Tex.Civ.App., 16 S.W.2d 303, 304, seems to this court to properly so declare the law to be upon substantially the legal equivalent of the facts here involved. That court, on the point, in commenting upon the meaning of Article 4632, said this:

" * * * said statute specifically provides that either party may demand a jury to pass on the sufficiency of the evidence, and we do not believe that in cases in the

attitude of the instant case the court has the right to take the case from the jury, and himself in the first instance pass upon the sufficiency of the proof to sustain the allegations in the petition. This would be an abuse of the discretion vested in him. It is well settled under the statute mention- ed, supra, the court is not bound by the verdict of the jury, and he may refuse to render judgment in accordance with the verdict, but in that case he would have to set aside the jury's verdict; he would not be justified in refusing to submit the case to the jury and then determining the disputed question of fact himself. See Brueg-german v. Brueggerman, (Tex.Civ.App.,) 191 S.W. 570; Tinnon v. Tinnon, (Tex.Civ. App.,) 278 S.W. 288; Caywood v. Caywood, (Tex.Civ.App.,) 290 S.W. 889; Ellis v. Ellis, (Tex.Civ.App.,) 251 S.W. 287; McNabb v. McNabb, (Tex.Civ.App.,) 207 S.W. 129; Dawson v. Dawson, [63] Tex.Civ.App. [168,] 132 S.W. 379; Golding v. Golding, 49 Tex.Civ.App. 176, 108 S.W. 496."

Of like purport was the Brown v. Brown decision, by the same court, Tex.Civ.App., 120 S.W.2d 850.

Similarly, in Wright v. Wright, 50 Tex. Civ.App. 459, 110 S.W. 158, 159, the court declared this: " * * * Under the sections of our Constitution quoted, and article 2979 [Vernon's Ann.Civ.St. art. 4629], * * * we think it well settled that there can be no question but what the parties are entitled to a jury trial on the issues of fact set forth in their pleadings as entitling them to a divorce * * *."

Indeed, from this plain wording of the two sections of the constitution referred to, it is thought the right to a jury under this statute was a substantial one:

"The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

. "In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury."

Moreover, notwithstanding the well recognized breadth of the trial court's discretion under Article 4632, it is by no means a limitless or arbitrary one; on the contrary, its limitations are well marked, as thus recited, in the opinion of the San Antonio Court of Civil Appeals, in Hansen v. Hansen, Tex.Civ.App., 96 S.W.2d 548, 550, to-wit: "In that we conclude the court erred, as a matter of law. For, while the evidence in divorce cases must be full and satisfactory to the trial judge, who may disregard affirmative jury findings upon the issue of good cause, and may direct a verdict denying divorce, his authority is limited to those actions, so that he may not direct a verdict in favor of divorce. His authority over verdicts in divorce cases is said to be not affirmative, but restrictive, or negative, so that he may not ignore a jury finding for the purpose of awarding a decree; and, as a correlative, he may not direct a verdict in favor of divorce."

Neither is it thought that any of the authorities so relied upon by the appellee for his contrary position have held differently from the conclusion herein stated, upon the exact legal equivalent of the same state of facts; for instance, in the Deebs v. Deebs case, Tex.Civ.App., 164 S.W.2d 758, by this court, there is first a submission of the case to the jury, and, after a jury finding favorable to the plaintiff, a judgment was rendered by the court for the defendant—in other words, the court utilized the verdict of the jury, but then exercised its own independent judgment that the jury's verdict was not, on the evidence, full and satisfactory to it.

It seems to this court to be likewise so with the others of appellee's authorities. They are all distinguishable on the facts from this particular one.

■ Nor is there deemed to be anything necessarily repugnant to the holding herein made in Rule 301, Texas Rules of Civil Procedure, as contended by the appellee. When reasonably construed, the provision of that rule that "upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper," is not regarded as antagonistic to the holding here made, because, as indicated, a directed verdict would not have been proper in this special case, so governed by Article 4632, where-

in the appellant's right to a trial by jury had been expressly so vouchsafed to her under the two quoted constitutional provisions; that is, circumstances alter cases, and that general rule was not intended to so infringe upon such special privileges in a particular case that have been expressly preserved in favor of litigants in position to invoke them.

This court has carefully examined both the appellant's petition and the evidence adduced by her as being in support thereof, with the result that it holds the petition to have sufficiently alleged a good cause of action for divorce, and that the evidence in her behalf raised issues of fact over whether or not its material averments were true. Such being the case, it is further held that the trial court should have at least awaited the return of a jury's verdict on these issues before it rendered final judgment thereon.

These conclusions require a reversal and a remanding of the cause for another trial; it will be so ordered.

Reversed and remanded.