## HARRELL v. HARRELL.

### No. 11925.

Court of Civil Appeals of Texas. Galveston.

Nov. 13, 1947.

Walter S. Hart and Howard Hendrix, both of Houston, for appellant.

Foreman, Ballard & Eddy, of Houston, for appellee.

GRAVES, Justice.

This appeal by the wife, who was the defendant below, is from a judgment of the 61st District Court, of Harris County, sitting without a jury, granting the husband, plaintiff below, a divorce against her, on the ground of cruel treatment, pursuant to R.S.Art. 4629, Sec. 1, Vernon's Ann.Civ. St. art. 4629(1). As in support of such judgment, the court filed findings of fact and conclusions of law, and these form the basis upon which the appellant complains here of the action so adverse to her below, the gist of her several points of error being this:

(1) The evidence and testimony were contrary to the stated findings of the court of both kinds, which were based upon the uncorroborated evidence of the appellee, that appellant denied;

(2) The evidence and testimony clearly showed that appellee attempted by collusion to secure a divorce by various means, with the aid of his daughters, and by offering appellant $2600 not to contest it;

(3) (a) There was no proof that the parties ever lived separately and apart, the appellee not having testified to any date of their separation, it having been otherwise shown that they continued to live together as husband and wife up until shortly before this trial below; (b) appellee's testimony did not accuse appellant of any acts of misconduct, or that she either abused him in any way, or did any act which caused any of the illness he complained of; (c) the appellee's uncorroborated testimony that appellant did not keep house for him, or cook his meals, is wholly insufficient to establish a cause for divorce, appellant having denied such charges and being supported therein by the uncontradicted testimony of other witnesses.

■ In the performance of its duty to re-examine the record and the evidence in the divorce cases, De Fierros v. Fierros, Tex.Civ.App., 154 S.W. 1067; Caldwell v. Caldwell, Tex.Civ.App., 176 S.W.2d 758, 759(1), this Court has carefully examined the record and statement of facts, and has become convinced that the decree of the trial court granting the divorce was by it rendered "upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition" of the appellee, as required by R.S.Art. 4632.

In these stated circumstances, it is deemed needful to here set out only the controlling findings and conclusions of that court. In material substance, they were these:

"Findings of Fact

\* \* \* \* \* \*

"III. That, because of the acts, mistreatment and abuse to said plaintiff, A. J. Harrell, by the defendant, Bertha Mae Harrell, they ceased living together as husband and wife on the 22nd day of October, 1946; and, although occupying separate portions of the same home, have not lived together as husband and wife since said date.

"IV. That said plaintiff, A. J. Harrell, was guilty of no act or omission bringing about or causing the acts and conduct complained of in his petition and attributed to the defendant, Bertha Mae Harrell.

"V. That the defendant, Bertha Mae Harrell, refused and declined to keep house for the plaintiff and would not cook or wash dishes for him; absented herself from the home at a store operated by her; sought out and preferred the company of a Mrs. L. Howard to that of plaintiff; aided, abetted and encouraged the said Mrs. Howard to ridicule and revile the plaintiff, from time to time and on divers occasions.

"That on or about the 3rd of April, 1947, together with the said Mrs. L. Howard, said defendant, Bertha Mae Harrell, joined in a fight at the house occupied by plaintiff and defendant and belonging to plaintiff, A. J. Harrell. That the said defendant, Bertha Mae Harrell, participated in said altercation against the plaintiff and his daughter and took the part of Mrs. L. Howard against the plaintiff, A. J. Harrell.

"That, against the wishes and contrary to the desires of the said plaintiff, A. J. Harrell, the defendant, Bertha Mae Harrell, moved friends of hers into home and refused to cause them to move from said home and said friends of defendant continued to reside in said home for several weeks prior to the trial of the case and at the time of the trial were offered as witnesses by the said defendant, Bertha Mae Harrell, against the plaintiff, A. J. Harrell.

\* \* \* \* \* \*

"IX. That the allegations of abuse and mistreatment of the defendant, Bertha Mae Harrell, plaintiff, A. J. Harrell, contained in said Defendant's First Amended Original Answer and Cross-action, are not true. The defendant abandoned her cross-action and asked that plaintiff be denied a divorce.

\* \* \* \* \* \*

"XII. That the further living together of plaintiff, A. J. Harrell, and the defendant, Bertha Mae Harrell, due to the conduct of said Bertha Mae Harrell, is wholly insupportable.

"Conclusions of Law

"I. I conclude from the evidence that the facts establish such cruel treatment as to entitle plaintiff and cross-defendant, A. J. Harrell, to a divorce from defendant, Bertha Mae Harrell.

\* \* \* \* \* \*

"VII. I conclude that defendant and cross-plaintiff, Bertha Mae Harrell, utterly failed to prove any acts of cruelty done and performed by plaintiff and cross defendant, A. J. Harrell, and that she, the said Bertha Mae Harrell, is not entitled to a decree of divorce from A. J. Harrell."

■ Appellant's attack upon these determinative findings, on the ground that they rested alone upon the appellee's uncorroborated testimony cannot be sustained; this Court finds a number of corroborative circumstances, but, independently, the evidence was amply sufficient to bring this cause within the decisions of our courts, holding that a trial court may grant a divorce on the uncorroborated testimony of plaintiff, to-wit: Tinnon v. Tinnon, Tex. Civ.App., 278 S.W. 288; Bell v. Bell, Tex. Civ.App., 135 S.W.2d 546; Mayen v. Mayen, Tex.Civ.App., 177 S.W.2d 240; Pybus v. Pybus, Tex.Civ.App., 147 S.W.2d 512.

■ It is true that—in this instance—there was a very acrimonious and directly differing state of testimony between these two parties and their respective supporting witnesses, but none that the trial court was not fully empowered to resolve and choose between, under its wide discretion in passing upon the sufficiency of the evidence to justify the entry of a decree for divorce. Lloyd v. Lloyd, Tex.Civ.App., 107 S.W.2d 1047; Scannell v. Scannell, Tex.Civ.App.,

117 S.W.2d 538; Deebs v. Deebs, Tex.Civ. App., 164 S.W.2d 758.

█ It is also true that, in the somewhat less frequent instances, in which a husband seeks a divorce from his wife on the ground of alleged cruel treatment, the issue of physical violence of the one toward the other is ordinarily much minimized. And that was the situation here. But, while this testimony is not entirely free of acts of physical violence toward this husband from the wife directly, or at any rate through those acting for her, it is well-settled that the cruel treatment prescribed by the cited statute as giving the right to a divorce need not be confined to acts of physical violence alone. McNabb v. McNabb, Tex.Civ.App., 207 S.W. 129; Buckner v. Buckner, Tex.Civ.App., 27 S.W.2d 311; Blackburn v. Blackburn, Tex.Civ. App., 163 S.W.2d 251.

Indeed, the true rule upon that feature is thought to be thus stated in Mayen v. Mayen, Tex.Civ.App., 177 S.W.2d 240 242, to-wit: "Appellant contends that as a matter of law, conceding the testimony of appellee to be true, no grounds which could support a divorce are shown.

"We cannot agree to this. According to appellee's testimony appellant slapped him, at the same applying to him one of the vilest epithets known to the English language. True, it does not appear that the assault and battery harmed him physically. The true test is, whether the treatment rendered further living together insupportable. McCullough v. McCullough, supra [120 Tex. 209, 36 S.W.2d 459]."

In short, what is deemed a sufficient summary of the determinative facts, upon which the court so rested its decree of divorce, is this: That the defendant refused to keep house for the plaintiff; that she would not cook or wash dishes for him; that she absented herself from the home at a store operated by her; that she sought out and preferred the company of a Mrs. L. Howard to that of plaintiff; that she sided, abetted, and encouraged Mrs. Howard to continuously ridicule and revile plaintiff, on many occasions; that defendant joined in a fight with Mrs. L. Howard at plaintiff's home, and that she participated in this altercation against plaintiff and his daughter, and took the part of Mrs. Howard against plaintiff; that against the wishes and contrary to the desires of plaintiff, defendant moved friends of hers into the home, and refused to require them to remove, and they continued to reside in the home for several weeks prior to the trial of this case, and were offered as witnesses at the trial on behalf of the defendant and against plaintiff.

█ It is thus made to reasonably appear that such a studied course of ill-treatment—probably irremediable in prospect—was so persistently visited upon the husband as to render his further living with his wife insupportable.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.