Coley R. INGRAM, Jr., Appellant,

v.

Carolyn INGRAM, Appellee.

No. 4216.

Court of Civil Appeals of Texas.

Waco.

March 19, 1964.

Davee & Davee, Brady, for appellant.

O'Neal Dendy, San Angelo, for appellee.

TIREY, Justice.

This is a divorce action, non-jury. In the decree we find this recital: " * * * after hearing the pleadings and the testimony of the plaintiff, finds that the material allegations of her petition with reference to grounds for divorce are true and are sufficient to entitle the plaintiff to a divorce from the defendant; to custody and control of the three minor children; * * * ". The decree then awarded certain properties to the plaintiff and fixed the support orders for the three minor children at $85.00 per month, and provided for visitation rights of the defendant.

The judgment is assailed on one point: "The trial court erred in granting appellee judgment for divorce, for the reason that same is unwarranted, and contrary to the evidence and the pleading in this cause." We overrule this point for reasons hereinafter briefly noted. Section (1) of Article 4629, Vernon's Annotated Civil Statutes, provides a divorce may be granted

"Where either party is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable;".

Article 4632, Vernon's Annotated Civil Statutes provides in part:

" * * * but the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition".

These provisions of our statute have been construed many times by our appellate courts. Our Supreme Court, in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, page 463, in answer to certified questions, said:

" * * * the excesses, cruel treatment, or outrages provided in our statute as a ground for divorce are sufficient if they are of such a nature as to render further living together insupportable, and that without regard to whether such treatment is of such a nature as to threaten the impairment of the physical health of the wife. Of course the sacredness of the marriage relation should be kept in view, and divorces should not be granted on trivial matters or disagreements."

In this cause, the plaintiff grounded her cause of action on the cruel treatment of her husband, and we have examined the testimony very carefully, and we are of the view that the testimony of the plaintiff, although not corroborated by any other witness, satisfies the test provided in Article

4632, supra. See Harrell v. Harrell, Tex. Civ.App., 206 S.W.2d 109, point 1, and cases there cited. The testimony of the plaintiff is clear and convincing to us and we approve the holding of the trial court. Further comment upon this cause would serve no useful purpose. The judgment of the trial court is affirmed.