**AUBEY et al.   v.   AUBEY et al.**

**No. 4937.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 14, 1954.

Baldwin & Votaw, Beaumont, for appellants.

Mike Daughtry, Everett Lord, Beaumont, for appellees.

WALKER, Justice.

This appeal is from a judgment rendered in a consolidated suit. Of the parties, the appellant Mary Aubey and the appellee J. C. Aubey, Jr., were married prior to the filing of the actions consolidated. They had three children, namely, a boy seven years old named J. C. Aubey, III, a girl five years old named Mary Ann and another girl two years old named Virginia Elizabeth. The appellants W. E. Roapke and wife, Mary Roapke, are the parents of the appellant Mary Aubey. The appellees Virginia and Mary Durst are the sisters of appellee, J. C. Aubey, Jr., and the appellee S. F. Durst is the husband of Mary Durst.

The suits consolidated were two. The first (No. 34453–C) was brought by appellee J. C. Aubey, Jr., against appellant Mary Aubey for divorce and for relief concerning the custody of the children and other matters. To the petition appellant Mary Aubey filed an answer and also a cross-action against appellee J. C. Aubey, Jr., in which she prayed divorce from him and for relief concerning custody of the children and other matters. The appellants W. E. and Mary Roapke intervened in a proceeding concerning the temporary custody of the children which occurred in this suit prior to the consolidation. The second (No. 34454–C) of the suits consolidated was brought by appellant Mary Aubey against appellees Virginia Aubey, S. F. Durst and Mary Durst, and J. C. Aubey, Jr. (styled Neil Aubey), in the petition. This was for habeas corpus, to recover the custody of the three children. There is no answer by J. C. Aubey, Jr., in the transcript and we infer that he filed no answer. The appellees Virginia Aubey and S. F. and Mary Durst filed answers in which they contested appellant Mary Aubey's prayer for custody of the children and in which they alleged in general terms that the children were dependent and neglected children. Appellants W. E. and Mary Roapke intervened in this suit and prayed custody of the children if appellant Mary Aubey's prayer for custody was denied.

The divorce suit and the habeas corpus suit were consolidated on January 7, 1953, and on that day the consolidated action proceeded to trial to the court sitting with a jury. Appellants state in their brief that before the charge was submitted to the jury the appellee J. C. Aubey, Jr., dismissed his suit for divorce. No order to that

effect is in the transcript but the statement is consistent with the record and is not contested, and the final judgment at least impliedly denies Aubey a divorce.

The jury returned a verdict in response to special issues. They found that appellee J. C. Aubey, Jr., had been guilty of cruel treatment or outrages toward appellant Mary Aubey of such a nature as to render their further living together as husband and wife insupportable. They found further that the best interests and welfare of the children would not be served by awarding the custody of the children to their mother, the appellant Mary Aubey, or to their maternal grandparents, the appellants W. E. and Mary Roapke. They found further that the best interests and welfare of the children would be best served by awarding the custody of the boy, J. C. Aubey, III, and of the girl Mary Ann to the appellee Virginia Aubey and by awarding the custody of the girl Virginia Elizabeth to the appellees S. F. and Mary Durst.

Several days after this verdict was returned the appellant Mary Aubey moved for a dismissal, without prejudice, of her cause of action for divorce. This motion was denied.

The trial court rendered judgment on this verdict, awarding appellant Mary Aubey a divorce and awarding the custody of the children as the jury, in effect, recommended by their verdict. From this judgment Mary Aubey and Mr. and Mrs. Roapke have taken this appeal.

## Opinion

In Point 3 appellants assign error to the award of custody to appellee Virginia Aubey on the ground that she prayed that custody be awarded jointly to her and her father, J. C. Aubey, Sr., the paternal grandfather of the children involved in this suit; and in Point 5, appellants assign error to the award of custody to Virginia Aubey on the ground that she testified that she sought custody only in conjunction with her father. These points are over-

ruled. The form of that part of Virginia Aubey's prayer in which she asked that custody be awarded to her "and the paternal grandfather, J. C. Aubey" did not limit the trial court's authority to award the custody to Virginia Aubey alone. As for the testimony of Virginia Aubey, it shows only that she wanted the custody to be given to both her and her father; it does not show that her desire for custody depended upon and was conditioned solely on a joint award. She made no objection to the trial court's charge to the jury which in Issues 8 and 9, submitted only her individual right to custody and which did not submit any question concerning a joint award, and she has made no objection to the trial court's judgment, which awarded custody of the boy and of Mary Ann to her individually. She was, and is, evidently willing to accept individual custody of these children. There is nothing to show that the award of custody to Virginia Aubey alone, omitting her father, has injured appellants or is inconsistent with the interests of the children whom the court has placed in the custody of Virginia Aubey. It was Virginia Aubey who had had the principal care and the charge of these children in the past, and it was upon her that the principal care and charge of these children would rest in the future. Her father was a widower and was, at the time of trial, 77 years old. We note that he, too, has made no objection to the trial court's judgment. If the trial court was authorized to take the children from the custody of the mother, the appellant Mary Aubey, and we think he was, that court was authorized under the evidence, to give the custody to Virginia Aubey alone.

In Points 1, 2 and 4 appellants assign error to the award of custody to the appellees Virginia Aubey and Mr. and Mrs. Durst on the ground that these appellees prayed for custody only if, and on the condition that, the children were adjudged to be dependent and neglected. These points assume that Point 3 and 5 are good because the prayer to the pleading which Virginia Aubey filed in the habeas corpus suit (and this is the pleading on

which she went to trial) is in two paragraphs, the second being alternative to the first, and it is the second paragraph which refers to dependency. Since we have overruled Points 3 and 5 this requires that Points 1, 2 and 4 be overruled as to Virginia Aubey. However, we would reach the same conclusion if the prayer to Virginia Aubey's pleading had contained only the paragraph which refers to dependency, and Points 1, 2 and 4 are overruled generally, as to both Miss Aubey and Mr. and Mrs. Durst. The pleadings of these appellees, which are the ones they filed in the habeas corpus suit, show that Miss Aubey had possession of the boy and of Mary Ann and that Mr. and Mrs. Durst had possession of Virginia Elizabeth (the proof shows this too as a matter of law) and both pleadings contest appellant Mary Aubey's claim of custody and both allege facts showing why appellant Mary Aubey should not have custody of the children and showing why custody should be left with the appellees Miss Aubey and Mr. and Mrs. Durst. The petition of appellant Mary Aubey in the habeas corpus suit and the pleadings of the appellees Virginia Aubey and Mr. and Mrs. Durst raised the issue, whether the custody of the children should be left with the appellees named or whether the children should be given into the charge of others, and the trial court's authority to place the children where their interests required was not limited by the prayers of the pleadings filed by the appellees Virginia Aubey and Mr. and Mrs. Durst. See Haynes v. Haynes, Tex.Civ. App., 191 S.W.2d 81; Knollhoff v. Norris, Tex.Sup., 256 S.W.2d 79.

However, we do not construe the pleadings of Virginia Aubey and Mr. and Mrs. Durst as expressing the intention not to take and their desire not to have the children unless the children were declared dependent. Both pleadings purported to be in answer to appellant Mary Aubey's petition for habeas corpus. Each injects the question of dependency in an informal and general way, and that of appellee Virginia Aubey plainly was not intended to condition her relief upon dependency.

The pleading of Mr. and Mrs. Durst, having alleged matters showing that these appellees were qualified to have the custody and that appellant Mary Aubey was not, and having alleged generally that "the best interests of the child (the reference is to Virginia Elizabeth) will be served by order of this court placing her in the temporary and/or permanent custody of these respondents," then alleged that "respondents would further show that as to the relator—Virginia Elizabeth Aubey is a dependent and neglected child"; that is, the dependency was a further, and additional matter. Construing each pleading as a whole, we think each intended by the pleader to afford a basis for a judgment simply leaving custody where it actually was as well as to afford a basis for a judgment founded on a declaration of dependency.

Appellees say that the issue of dependency was abandoned by them in the trial court, and the record sustains this. Thus, no issue concerning dependency was submitted to the jury, while issues concerning the best interests of the children were submitted. The judgment granted no relief on the ground of dependency but awarded custody in accordance with the findings made under the issues submitted to the jury, and the appellees have accepted this judgment. Appellants themselves say that the issue of dependency was waived. The judgment concerning custody should then be referred to the habeas corpus phase of the consolidated suit or to that with the appellant Mary Aubey's cross-action for divorce; and the statutes concerning dependent and neglected children which the appellants cite, and the arguments of appellants based on these statutes, are not applicable. So, it was not material that the affidavit required by Article 2331, R.S.1925, was not made.

Point 8 assigns error to the trial court's denial of appellant Mary Aubey's motion for a dismissal of her cross-action for divorce, without prejudice.

To repeat somewhat, this cause was tried to a jury, by whom called the record does

not show; and the finding under Issue 1 authorized a divorce in behalf of appellant Mary Aubey under Subdivision 1 of Article 4629, R.S.1925, as amended, Vernon's Ann.Civ.St. Issue 1 is, in form, substantially like the special issue approved in Howell v. Howell, 147 Tex. 14, 210 S.W.2d 978. Appellee J. C. Aubey, Jr., had dismissed his suit for divorce before the cause was submitted to the jury. Several days after the verdict was returned but before the trial court had announced the decision of the case, appellant Mary Aubey moved for a dismissal, without prejudice, of her cross-action for divorce. The trial court denied this motion and later decreed said appellant a divorce.

Appellant Mary Aubey's grounds for dismissal are alleged in paragraph 5 of her motion, and her allegations show that her claim was based upon the theory that her cause of action for divorce was, in substance, tried to the court because the trial court had to decide that the evidence supporting the finding under Issue 1 was full and satisfactory within the meaning of Article 4632, R.S.1925, before granting her a divorce. This is the essence of the argument made by appellants in support of Point 8.

The motion alleges no reconciliation between husband and wife nor any desire for one, and does not purport to invoke any discretionary power. In effect, as we construe the motion and appellants' argument under Point 8, appellant Mary Aubey claimed in the trial court and now claims in this court that she was entitled to the dismissal as a matter of right, by virtue of the provisions of T.R. 164 and as a consequence of the trial court's peculiar control, under Article 4632, of a jury finding made in a divorce suit.

■ Point 8 is overruled. Whether appellant Mary Aubey had a right to a dismissal without prejudice, that is, to take a nonsuit, depends upon the meaning of T.R. 164. For this Rule is a copy of Article 2182, R.S.1925, and in Ex parte Norton, 118 Tex. 581, 17 S.W.2d 1041, the Commission of Appeals applied this statute to a divorce suit, and we have seen no other Rule which would qualify T.R. 164 and thereby make a divorce suit an exception to said Rule. It is provided in T.R. 164 that a plaintiff may take a nonsuit "at any time before the jury has retired" and that "when the case is tried by the judge, such nonsuit may be taken at any time before the decision is announced." We think it should be held that appellant Mary Aubey's cross-action for divorce was tried to a jury because: (a) Article 4632 provides that either party to a divorce suit "may demand a jury"; and it is held that the cause must be submitted to the jury. See Zuniga v. Zuniga, Tex.Civ.App., 244 S.W.2d 270; Daniel v. Daniel, Tex.Civ.App., 16 S.W.2d 303; Brown v. Brown, Tex.Civ.App., 120 S.W.2d 850. (b) A jury sat. (c) Although a trial court may disregard a jury's finding for divorce when the evidence supporting the finding is not "full and satisfactory", as Article 4632 requires it to be, the court acts, when disregarding the finding, not as if a jury had never sat, but upon and concerning the finding made. See Daniel v. Daniel, Tex.Civ.App., 16 S.W.2d 303; Skop v. Skop, Tex.Civ.App., 201 S.W. 2d 77. That is, the power exercised has something in it of the nature of a power to review. The case is not "tried by the judge" (The words are quoted from T.R. 164); the jury is involved, that is, participates even though its finding be eventually disregarded. Thus, since the cross-action of appellant Mary Aubey was tried to a jury and her motion to dismiss without prejudice was made after the verdict was returned, she had no absolute right to the dismissal she requested. See Caprita v. Caprita, 145 Ohio St. 5, 60 N.E.2d 483, 158 A.L.R. 1201.

These comments dispose of Point 8 for if the trial court had any discretionary power to grant the appellant Mary Aubey's motion, said appellant did not invoke this power, as we have already stated. None of the decisions cited by appellant are in point on the facts. There is some general language in various decisions, particularly in cases where the parties became reconciled, which emphasizes a public policy in favor

of maintaining the marital relation and which states a right to dismissal in very broad terms. See for example Jones v. Jones, 128 Tex. 309, 97 S.W.2d 949. However, these statements are dicta as far as the present case is concerned. The evidence leaves us with the impression that no ground exists for believing that a reconciliation between appellee J. C. Aubey, Jr., and appellant Mary Aubey would occur; we note that Mary Aubey has never claimed that she had no right to a divorce under the evidence, and her motives for wanting a dismissal are left to inference. Concerning discretionary power to dismiss a divorce suit, see Hornbeck v. Hornbeck, 316 Mich. 208, 25 N.W.2d 171, where the Supreme Court of Michigan seems to have acted upon an inference as to the successful wife's motive in requesting a dismissal. Boyer v. Boyer, 115 Colo. 429, 175 P.2d 92; Caprita v. Caprita, 145 Ohio St. 5, 60 N.E.2d 483.

■ Point 9 assigns as error that the trial court was duly requested by the appellants to file findings of fact and conclusions of law but did not. This point is overruled. Under T.R. 296 it is "upon a trial by the court" that "the judge shall, at the request of either party" make such findings and conclusions; and under Point 8 we have held that the cross-action of appellant Mary Aubey for divorce was tried to a jury. Appellants have cited decisions which held that the verdict of a jury in suits for the custody of children was advisory. See Duckworth v. Thompson, Tex. Com.App., 37 S.W.2d 731 (Hn. 5, p. 735). And all of the special issues submitted, except Issue 1, concern questions respecting custody of the children involved in this suit. However, T.R. 296 does not require a trial court to split a trial and make findings on the issues as to which the verdict may be advisory; and since at least one of the issues tried in the court below was tried to the jury, the entire trial was to a jury within the meaning of T.R. 296. Furthermore, it is not clear to us that the trial court's procedure has done appellants any harm. See Stahl v. Westerman, Tex.Civ. App., 250 S.W.2d 325.

■ Points 6 and 7 assign error to the sufficiency of the evidence to support the judgment insofar as it awards custody of the children to appellees Virginia Aubey and Mr. and Mrs. Durst. These points are overruled. There is ample evidence to support the award made by the trial court. This evidence is to the effect that Mary Aubey, the mother of the children, is suffering from some sort of mental disorder which makes it for the best interests of the children that she not have the custody; and this being true, the proper persons to have the custody are the appellees named, to whom the trial court awarded the children, because said appellees, who had the children when these suits were filed, are the persons who have had the children in their charge so often and for such long periods of time. The matter is not controlling but there is testimony by Virginia Aubey to the effect that the father of the children was only temporarily in her house.

These comments adjudicate the Points of Error assigned. The judgment of the trial court is affirmed.