**Alton WILLIAMS et ux, Appellants,**

v.

**Dorothy THETFORD et vir, Appellees.**

**No. 6118.**

Court of Civil Appeals of Texas.

Beaumont.

April 11, 1957.

Rehearing Denied May 1, 1957.

Robert W. Gauss, Pt. Arthur, for appellant.

Baldwin & Goodwin, Beaumont, for appellee.

ANDERSON, Justice.

The custody of a minor child, issue of a marriage between Dorothy Thetford and Clifton Ray Williams, is involved. The marriage just mentioned was dissolved by divorce, and at that time custody of the child was awarded part time to Dorothy and part time to the child's paternal grandmother, Bertha Williams. Having subsequently married W. L. Thetford, Dorothy, joined by her husband, brought this suit against Bertha Williams and the latter's husband, Alton Williams, for full custody of the child. The defendants answered by general denial and cross-acted for full custody. The case was submitted to a jury on special issues and the jury found: (1) That there had been "a change of conditions of the parties since the date of the last hearing" on the custody question. (2) That "the best interest and welfare of the minor child would be served by placing him in the custody of his mother, Dorothy Thetford." The trial court overruled a motion by the defendants for judgment non obstante veredicto, granted plaintiffs' motion for judgment on the verdict, and on October 18, 1956, rendered judgment awarding full custody of the child to its mother. The defendants seasonably filed a motion for new trial. The motion was overruled November 14, 1956. The defendants excepted to the court's ruling, gave notice of appeal, and have since perfected their appeal to this court. However, no statement of facts has been filed.

By their first point of error appellants complain of the trial court's failure

to prepare and file findings of fact and conclusions of law. The point is overruled. It is only "upon a trial by the court" that the judge is required by Rule 296, Texas Rules of Civil Procedure, to prepare and file findings of fact and conclusions of law when proper request therefor has been made, and in this instance trial was to a jury. Appellants argue that, despite the fact that a jury was made use of, the trial was nevertheless by the court within contemplation of the rule. They base the argument on the proposition that child custody cases have been held to be equitable proceedings in which the judge sits as a chancellor, Williams v. Perry, Tex.Com.App., 58 S.W.2d 31; Beadles v. Beadles, Tex.Civ.App., 251 S.W.2d 178, and on the proposition that in such cases a jury's verdict has been held to be but advisory and not binding on the judge. Kentz v. Kentz, Tex.Civ.App., 209 S.W. 200; Lawler v. Lawler, Tex.Civ.App., 15 S.W.2d 684; Bateman v. Bateman, Tex. Civ.App., 188 S.W.2d 866; Valentine v. Valentine, Tex.Civ.App., 203 S.W.2d 693. Despite these established principles, however, we are of the opinion that use of the jury rendered it unnecessary that the trial judge comply with appellants' requests for findings of fact and conclusions of law. We are not advised by whom the jury was requested, but no objection to its use and none to the court's charge was registered by either side. The judgment was rendered on the jury's verdict, and we feel that, all things considered, the trial was by jury rather than by the court, in so far as the procedural matter under consideration is concerned. A strongly analogous situation was presented in Aubey v. Aubey, 264 S.W.2d 484, 489, wherein this court held that in a divorce suit in which child custody was involved and which was tried to a jury the judge was not required to comply with a request for findings of fact and conclusions of law on the custody question.

However, should we be incorrect in the foregoing conclusions, we are nevertheless of the opinion that reversible error is not presented. Having received the jury's special issue verdict and rendered judgment upon and in compliance with it, we are of the opinion that the trial judge must be considered as having adopted the jury's findings as his own, and that the verdict, together with the judgment, should be treated as the judge's findings of fact and conclusions of law, if such were necessary.

By their point two and their points four through nine, appellants aver, in one way or another, either that there was no evidence or that there was insufficient evidence to support the judgment. In the absence of a statement of facts, we are in no position to pass upon the points. They present no error, therefore, and are all overruled.

By their remaining point of error, point three, appellants aver that "the trial court erred in refusing, on appellants' motion for new trial, to consider proffered evidence tending to show that appellee, W. L. Thetford, was in arrears in his own child support payments." We assume that the point really has reference to the trial court's action in excluding from evidence, on plaintiff's objection, a letter which was tendered by defense counsel as having been received by him from the collector of child support payments in the office of the probation officer of Tarrant County, as otherwise the point presents nothing tangible for review. As so construed, the point is overruled. The letter was hearsay, and since it was not shown to fall within any of the recognized exceptions to the hearsay rule, it was inadmissible in evidence.

No error appearing, the judgment of the trial court is affirmed.