BONANZA, INC., Appellant,

v.

Beatrice LEE et al., Appellees.

No. 15667.

Court of Civil Appeals of Texas.

Dallas.

June 17, 1960.

Freeman, Wolfe, Henderson & Bryant, Sherman, for appellant.

Nance & Caston, Sherman, and Leachman, Gardere, Akin & Porter, and Edward E. Crowell, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Bonanza, Inc., a corporation, has petitioned for a writ of error pursuant to Art. 2249 and 2249a, Vernon's Ann.Civ.St. and Rules 359–363, Texas Rules of Civil Procedure, asking revision and correction of a default judgment against it and in favor of Beatrice Lee for $63,942.52, and in favor of Texas Employers' Insurance Association for $13,046.48.

Beatrice Lee as plaintiff sued Bonanza, Inc., defendant, for damages arising from the death of her son, Robert T. Lee, in a truck collision alleged to have been caused by the negligence of the servant, agent and employee of Bonanza, Inc. She pled that Bonanza, Inc. was a Texas Corporation with its principal place of business in Lubbock, Lubbock County, Texas.

Texas Employers' Insurance Association and Employers Casualty Company intervened, seeking to recover under subrogation contracts for workmen's compensation benefits and property damages which they alleged they had paid as a result of the collision.

We shall continue to refer to the parties by their trial court designations.

Plaintiff caused three citations to be issued by the District Clerk of Grayson County.

The first citation was dated September 12, 1958. The officer's return on the reverse side of the citation states that the instrument came to hand October 10, 1958 and was served October 14, 1958 in Grayson County, Texas on Bonanza, Inc. "by delivering to Zollie Steakley, Secretary of State of the State of Texas, as agent for service."

The second citation was dated December 10, 1958. It bears no officer's return whatever.

The third citation, a non-resident notice, was also dated December 10, 1958 and bears a return to the effect that on December 17, 1958 the instrument was executed by "delivering to Bonanza, Inc. Their agent W. T. Brunson, service agent for Bonanza, Inc. in person, at Oklahoma City, in Oklahoma County, State of Oklahoma * * * a true copy of this notice, with the date of delivery endorsed thereon, together with a copy of plaintiff's petition attached thereto." This return, executed before a notary public, bears the name of George L. Catron as the person making the return. The notice commanded defendant to appear by filing an answer before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days from the date of service.

Defendant did not file an answer, and alleges that it did not participate in the trial which took place January 16, 1959.

At the trial plaintiff introduced into evidence the following documents:

1. Copy of a letter of inquiry, dated January 30, 1958, alleged to have been written by plaintiff's attorney to the Secretary of State of the State of Texas.

2. An alleged form letter dated July 3, 1958 from the office of the Secretary of State of the State of Texas containing these statements in regard to Bonanza, Inc. "It was incorporated under the laws of Texas on 7–9–46 * * * with its principal place of business in Lubbock. * * * We believe effective service of process on said corporation may be obtained by serving: Verlan S. Hutchings, 424 W. Rose, Midwest City." This document bears the name of "(Mrs.) Katherine Hargrove, Information Clerk."

3. An alleged form letter dated July 29, 1958 from the office of the Secretary of State containing the statement that defendant "was incorporated under the laws of Texas * * * with its principal place of business in Lubbock."

4. An alleged copy of a letter of inquiry concerning Bonanza, Inc., dated June 30,

1958 from plaintiff's attorney to the Secretary of State of the State of Oklahoma.

5. An alleged letter from the Secretary of State of the State of Oklahoma dated July 2, 1958 containing this statement: " * * * our records show that the above corporation is registered in our state and the service agent being W. T. Brunson, 508 Leonhardt Bldg., Oklahoma City, Oklahoma, his office is located at 6319 S.E. 15th St., Midwest City, Oklahoma."

6. An alleged letter of inquiry not dated, from plaintiff's attorney to the Sheriff of Lubbock County, Lubbock, Texas, enclosing a citation to be served on defendant.

7. A notation on the bottom of the above letter as follows: "12–17–58 unable to locate a company by this name in Lubbock County, Texas. Grady Harrist, Sheriff by: Jack Bryant, Deputy."

Defendant's first two points on appeal are that the judgment in favor of plaintiff and intervenors cannot stand because the court had no jurisdiction over the person of defendant at the time the judgment was rendered.

The principal question we must decide is whether the service of citation in this case was sufficient to support the personal judgment rendered against defendant. In our opinion the correct answer must be in the negative.

■ Plaintiff did not introduce any certified copies of records from the offices of either of the Secretaries of State. She sought to prove material facts by means of the letters which were put in evidence. These letters were not authenticated in any manner. They were hearsay evidence. Verschoyle et al. v. Holifield et al., 132 Tex. 516, 123 S.W.2d 878, 885; Williams et ux. v. Thetford et vir, Tex.Civ.App., 301 S.W. 2d 954, 956; 17 Tex.Jur. 526. And being hearsay they were not competent evidence of the truth of the statements contained in them. Aetna Insurance Company v. Klein et al., 325 S.W.2d 376 (Syl. 9); Conner v. Chatman, Jr. et al., Tex.Civ.App., 272 S.W. 2d 136 (Syl. 6 and 7).

Plaintiff states in her brief that she obtained service of citation on the Secretary of State of the State of Texas as provided by Art. 2031a, V.A.C.S. simply to forestall any possible claim by defendant that it is a foreign corporation. She admits that the question is not now before us inasmuch as there is no contention by defendant that it is a foreign corporation.

Appellee contends that Art. 2029, V.A. C.S. provides for service upon any agent of defendant and that both Verlan S. Hutchings and W. T. Brunson had been designated as agents for service. The only evidence of any such designation must be found in the unauthenticated letters offered by plaintiff, which letters as we have pointed out are hearsay, and are of no probative force in supporting the judgment rendered in this cause. Moreover there is no evidence and no claim by plaintiff that service of citation was had on any of the officers of the defendant, or upon any local agent in the county where suit was brought, or upon any agent representing such company in this State, or that a copy of the citation was left at the principal office of defendant during office hours, as provided in Art. 2029, V.A.C.S. First Nat. Bank of Athens v. Guaranty Bond State Bank of Athens et al., Tex.Com.App., 23 S.W.2d 312; Pruitt v. State, 92 Tex. 434, 49 S.W. 366.

■ Appellee also contends that the service obtained in Oklahoma was in compliance with Rule 108, T.R.C.P. and will support the trial court's judgment.

Rule 108, T.R.C.P. provides for service of citation "Where the defendant is absent from the State, or is a non-resident of the State * * *." Arts. 2037 and 2038 are the sources of the Rule. Under the Statutes it was held that service of process against a defendant who is a resident of this State, but is temporarily absent, confers jurisdiction over defendant. Sgitco-

vich v. Sgitcovich, 150 Tex. 398, 241 S.W. 2d 142; Horst et al. v. Lightfoot et al., 103 Tex. 643, 132 S.W. 761. We think the same interpretation should be given the Rule. But if we do, plaintiff's case must fall, for there is no competent evidence that defendant is a resident of this State but was temporarily absent from the State.

■ Plaintiff says that since defendant could not be served in Lubbock County, as evidenced by the sheriff's notation on the bottom of her attorney's letter of inquiry, it necessarily follows that defendant, though a resident of Texas, was temporarily absent from the State, consequently service on defendant's agent in Oklahoma was valid under Rule 108, T.R.C.P. We do not agree with the inference upon which appellee relies.

Moreover, as we have already pointed out, there was no return whatever on one of the citations. If this citation was sent to Lubbock County there was a failure to comply with Rules 105–107, T.R.C.P. The Sheriff's unauthenticated notation on the bottom of an unauthenticated letter written by plaintiff's attorney was merely hearsay. Therefore it will not support a finding of fact that defendant could not have been served in Lubbock County, Texas.

■ That part of Rule 108, T.R.C.P. which provides for service on a defendant who is a non-resident of this State will not lend validity to plaintiff's personal judgment against defendant. Service in the State of Oklahoma on a non-resident defendant will not support a personal judgment. Roumel v. Drill Well Oil Co., 5 Cir., 270 F.2d 550; August Kern Barber Supply Co. v. Freeze et al., 96 Tex. 513, 74 S.W. 303, 304; York v. State, 73 Tex. 651, 11 S.W. 869.

Appellant's first two points are sustained.

In its third point defendant attacks the judgment in favor of Texas Employers' Insurance Association in the amount of $13,046.48. No judgment was rendered in favor of Employers Casualty Company.

■ The judgment in favor of Texas Employers' Insurance Association was obviously rendered in error. The Association pled that it had paid workmen's compensation benefits to plaintiff in the amount of $11,071.48, for which it asked judgment based on a subrogation agreement. Employers Casualty Company pled that it carried a collision policy on equipment of one Eugene Hale, owner of the truck plaintiff's son was driving, and that it had paid Hale the sum of $1,975 as property damage. Hale was not a party to this suit. The judgment in favor of Texas Employers' Insurance Association is for $13,046.-48, which is more than that intervenor sued for, and is exactly the sum of the total amounts sued for by both intervenors.

Employers Casualty Company was not entitled to any judgment out of money recovered by plaintiff, for it does not claim to have paid plaintiff anything, but claims it paid Hale $1,975 for the property damage to his truck. Certainly under any theory of the case it was error to include this amount in the judgment awarded to Texas Employers' Insurance Association. Appellant's third point is sustained.

In its fourth point appellant says that the judgment is excessive. Since the cause will be remanded for a new trial for other reasons, we see no need to pass on appellant's fourth point.

■ The questions pertaining to service of citation will not be present at the retrial of this cause, for by prosecuting this writ of error in this Court defendant has entered its personal appearance for future proceedings not only in this Court but in the trial court as well. Rule 123, T.R.C.P.

The judgment of the trial court is reversed and set aside, and the cause remanded to the trial court for another trial.

CRAMER, J., not sitting.