**HEAFNER & ASSOCIATES, Appellant,**

v.

**Quentin Vail KOECHER and Custom Controls Company, Appellees.**

No. 01–91–01075–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 29, 1992.

---

Mary Heafner, Don D. Becker, Michael A. Lamson, Jimmy D. Ashley, Houston, for appellant.

John Graml, Houston, for appellees.

Before MIRABAL, DUGGAN and SAM BASS, JJ.

## ORDER

MIRABAL, Justice.

This is an appeal from a take-nothing judgment against an intervenor creditor in a divorce action. We abate the appeal.

Carol Ford Koecher (wife) and Quentin Vail Koecher (husband) married on May 2, 1980. On June 24, 1981, wife and husband entered into a post-nuptial agreement that provided for the division of wife's and husband's property on dissolution of the marriage. Wife filed for divorce from husband on June 8, 1989. Wife was represented by attorneys Jimmy D. Ashley and appellant Heafner & Associates until Heafner & Associates withdrew from representation on April 19, 1991. Heafner & Associates claims that at the time of the withdrawal, it was owed $92,618.18 in attorney's fees.

Heafner & Associates filed a plea in intervention in the divorce proceeding, seeking to recover attorney's fees from wife, husband, and Custom Controls Company (Custom). Custom is a business with substantial assets that husband owned prior to the marriage. Heafner & Associates subsequently dismissed its claim against wife. The divorce proceeding was tried before a jury; however, the issue of attorney's fees was tried before the trial court in a bench trial.

On July 12, 1991, the trial court signed a final divorce decree. The decree states that the post-marital agreement was "valid, enforceable, and binding on [wife] and [husband], and controlling as to the disposition of [wife's] and [husband's] property." The decree provides that wife is responsible for all legal expense incurred by her in the divorce, specifically including all fees and expenses due to Heafner & Associates. The decree further provides that husband is responsible for his outstanding attorney's fees and expenses incurred in the divorce. The decree further specifically denies relief to Heafner & Associates in connection with its intervention seeking recovery of attorneys' fees and costs from husband and Custom.

Prior to the signing of the decree, Heafner & Associates objected to the decree on the grounds that the decree did not follow the terms of the marital agreement. The trial court overruled the objection. After the decree was signed, Heafner & Associates filed a request for findings of fact and conclusions of law. Husband objected to the request, asserting that findings of fact and conclusions of law were not appropriate because some of the issues in the divorce were tried to the jury. After an oral hearing, on August 2, 1991, the court sustained husband's objection. Heafner & Associates then timely filed a motion for new trial, which was denied by the trial court.

Next, Heafner & Associates filed a "Notice of Limitation of Appeal," limiting its appeal to "the issues concerning the attorney's fees due and owing to Intervenor Heafner & Associates, and its intervention for same." Heafner & Associates filed in this Court a statement of facts from (1) the bench trial on the intervention action, and (2) the August 2, 1991, hearing on husband's objections to the request for findings of fact and conclusions of law. Heafner & Associates did not file any other portion of the record. Wife also appealed the divorce decree, and filed a statement of

facts from the jury trial.[1] Wife, however, subsequently filed a motion to dismiss her appeal. Heafner & Associates objected to wife's motion, claiming that it relied on several of wife's points of error, and Heafner & Associates would be severely prejudiced should wife be allowed to withdraw. In the alternative, Heafner & Associates requested that should this Court dismiss wife's appeal, that Heafner & Associates be allowed to rely on the entire record and file an amended brief on the areas of law it relied on wife to present. This Court granted wife's motion to dismiss the appeal. Additionally, this Court permitted Heafner & Associates to rely on the entire record and granted it 30 days to file an amended brief and any additional items it wished to bring before this Court. Heafner & Associates did not amend its brief, nor did it file any additional material.

■ In three points of error, Heafner & Associates asserts (1) that the trial court abused its discretion in refusing to follow the terms of the parties' marital contract when it determined liability for attorneys' fees; (2) the trial court erred in refusing to make findings of fact and conclusions of law after they were properly and timely requested; and (3) the trial court erred in rendering judgment against Heafner & Associates before it had an opportunity to present all of its evidence on issues of disputed fact.

In reply points, husband and Custom first assert that, by limiting its appeal, Heafner & Associates deprived this Court of subject matter jurisdiction of points of error one and two. In support of their argument, husband and Custom rely on TEX.R.APP.P. 53(d), which states:

(d) Partial Statement. If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on

appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

TEX.R.APP.P. 53(d).

In the present case, appellant wrote a letter dated September 19, 1991, requesting the court reporter to prepare a partial statement of facts. The letter reads, in part, as follows:

Per our telephone conversations it is my desire to appeal the above entitled and numbered cause as it relates to my Intervention lawsuit. I have enclosed a copy of the documents showing the bond I have filed for the Appeal of this matter. I have also enclosed a copy of our Request to the Clerk for Material to be included in the Transcript for the Appeal.

We will need the testimony transcribed regarding the trial to the Court on my Intervention for attorney's fees. We may also need a transcription of the hearing on August 2, 1991 in regards to the Court's ruling that we are not entitled to Findings of Fact and Conclusions of Law (we'll let you know after I have checked the file).

The appeal bond filed on September 20, 1991, by Heafner & Associates, states that Heafner & Associates is appealing the judgment denying it relief in its "intervention lawsuit against [husband]." It further recites that a request for findings of fact and conclusions of law had been filed by Heafner & Associates on July 12, 1991.

The "Notice of Limitation of Appeal," filed September 25, 1991, states in part:

Pursuant to Rule 40(a)(4) of the Texas Rules of Appellate Procedure, Intervenor HEAFNER & ASSOCIATES hereby serves notice on all parties that its appeal in the above entitled and numbered cause will be limited only as to the issues concerning the attorneys' fees due and ow-

---

1. Wife's brief contained seven points of error. She argued that the trial court erred in granting a motion for partial summary judgment holding that the marriage agreement was valid. Wife complained that the agreement was unconscionable and invalid. She also claimed that the trial court failed to divide the property according to the contract.

ing to Intervenor HEAFNER & ASSOCI-ATES and its intervention for same.

Also on September 25, 1991, a second letter to the court reporter was filed in the court records; it reads in part:

In my letter to you of September 19, 1991, I informed you that I would let you know about whether or not I would need a transcription of a hearing held on August 2, 1991. I have since had the file checked and find that there has been no Order signed denying my Request for Findings of Fact and Conclusion of Law. As a result, in addition to the matters I have already requested, I am formally requesting that you include a transcription of the hearing held on August 2, 1991 wherein the Court ruled that we are not entitled to Findings of Fact and Conclusions of Law.

Husband argues that Heafner & Associates' point of error one (alleging abuse of discretion by the trial court in allocating the attorney's fees debt owed to Heafner & Associates by the marital estate) and point of error two (alleging error by the trial court in refusing to make findings of fact and conclusions of law) go beyond the scope of appeal perfected by Heafner & Associates in this limited appeal. Husband, therefore, asserts that this Court *lacks jurisdiction* to consider points of error one and two. The cases relied on by husband to support his *lack of jurisdiction* argument, are all distinguishable.[2] Each one involves an *appellee* who brings cross-points on appeal, raising matters not covered by the appellant's limited appeal; in such cases, the appellate courts lack jurisdiction because the appellee has not perfected an appeal on any severable portion of the judgment with which it is dissatisfied.

In the present case, appellant Heafner & Associates limited its appeal to issues involved in its intervention action. All three of Heafner & Associates' points of error deal with issues arising out of its interven-

tion action. We conclude we have subject matter jurisdiction to consider all the points of error raised by Heafner & Associates.

In its second point of error, Heafner & Associates asserts that the trial court erred by refusing to make findings of fact and conclusions of law after they were timely and properly requested.

■ As a general rule, the trial court's duty to file findings of fact and conclusions of law after a bench trial is mandatory. *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). If a trial court fails to do so when all requests have been properly made, the failure is presumed harmful unless the record affirmatively shows that the complaining party has suffered no injury. *Id.*

■ The trial court signed the divorce decree on July 12, 1991. Pursuant to TEX. R.CIV.P. 296, Heafner & Associates timely filed a written request for findings of fact and conclusions of law. Husband filed an objection, claiming that, even though a trial to the court was had with regard to the issues in Heafner & Associates' intervention action, findings of fact and conclusions of law would be improper because a jury trial was conducted with regard to the divorce issues. The trial court held a hearing on August 2, 1991, regarding the request. Husband argued that *Conrad v. Judson,* 465 S.W.2d 819, 827 (Tex.Civ. App.—Dallas 1971, writ ref'd n.r.e.) and *Aubey v. Aubey,* 264 S.W.2d 484, 489 (Tex. Civ.App.—Beaumont 1954, no writ) supported his position, and the trial court agreed. The trial court ruled that Heafner & Associates was not entitled to findings of fact and conclusions of law.

Both cases cited by husband are distinguishable from the case at bar. In *Conrad,* no issues were submitted to the judge; the case was strictly a jury trial. The appellant requested findings of fact and conclusions of law, arguing that the court's judgment went beyond the jury findings. The court held that the appellant's argu-

---

2. *Baptist Memorial Hosp. Sys. v. Bashara,* 685 S.W.2d 352, 354–55 (Tex.App.—San Antonio 1984), *aff'd,* 685 S.W.2d 307 (Tex.1984)); *Anderson v. Anderson,* 618 S.W.2d 927, 930 (Tex.

Civ.App.—Houston [1st Dist.] 1981, writ dism'd w.o.j.); *Cline v. Cline,* 323 S.W.2d 276, 287 (Tex. Civ.App.—Houston 1959, writ ref'd n.r.e.).

ment was without merit in a jury trial. *Conrad,* 465 S.W.2d at 827. In *Aubey,* also a jury trial, the trial court refused to file findings of fact and conclusions of law. Even though the jury verdict may · have been advisory only, the judgment was consistent with the verdict and the *Aubey* court concluded it was not reversible error for the trial court to refuse to file findings of fact and conclusions of law. *Aubey,* 264 S.W.2d at 489.

In the case at bar, the judgment regarding attorney's fees resulted from findings made by the trial court, after a bench trial, independent of the jury's verdict. Therefore, Heafner & Associates has a right to have the trial court file findings of fact and conclusions of law in order to urge error on appeal. *See Cockerham v. Cockerham,* 527 S.W.2d 162, 165 (Tex.1975); *Rothwell v. Rothwell,* 775 S.W.2d 888, 890 (Tex. App.—El Paso 1989, no writ). In *Fraser v. Goldberg,* 552 S.W.2d 592 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.), the court discussed the method for determining whether an appellant was injured by the failure of the trial court to file findings and conclusions:

> Undoubtedly there are situations in which findings and conclusions are necessary in order for the appellant to present his case. In factually complicated situations in which there are two or more grounds for recovery or defense, an undue burden would be placed on the appellant. Having to try to guess the reasons the trial court ruled against him should not be required.

*Fraser,* 552 S.W.2d at 594.

In the present case, Heafner & Associates introduced evidence that it provided $92,618.18 in services for which it had not been paid, yet the trial court did not award it any fees from husband or Custom. The trial court may have refused to award the fees for various reasons. Heafner & Associates should not have to guess why the court did not grant it relief. The record does not affirmatively show that Heafner & Associates has not been injured.

■ Husband and Custom contend that even if Heafner & Associates would other-wise be entitled to findings of fact and conclusions of law, the trial court did not err in not filing them because Heafner & Associates did not comply with the Rules of Civil Procedure. Heafner & Associates complied with TEX.R.CIV.P. 297 in its initial request; however, it did not make a second request after the court refused to file the findings of fact and conclusions of law. Rule 297 states:

> The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed.... If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file ... a "Notice of Past Due Findings of Fact and Conclusions of Law" ... Such notice shall state the date the original request was filed and the date the findings and conclusions were due.

TEX.R.CIV.P. 297.

In the present case, the trial court did not merely *fail* to file findings and conclusions; rather, the trial court *refused* to do so, actually denying Heafner & Associates' request after an oral hearing. We hold Heafner & Associates' failure to make a second request was justified in view of the trial court's action in denying the initial request. *Fortney v. Olivetti Corp.,* 398 S.W.2d 178, 182 (Tex.Civ.App.—Houston 1966, no writ) (judge wrote "denied" on the party's request so party did not have to make a second request). Therefore, Heafner & Associates was excused from making a second request to the trial court. We sustain point of error two.

We agree with the line of cases that hold that in a case like this, the proper remedy is not to reverse the trial court judgment, but to abate the appeal, and order the trial court to make the appropriate findings and conclusions. *Cherne Indus., Inc.,* 763 S.W.2d at 773; *Carr v. Hubbard,* 664 S.W.2d 151, 153, 154 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Rothwell v. Rothwell,* 775 S.W.2d 888, 889 (Tex. App.—El Paso 1989, no writ); *Wallen v. State,* 667 S.W.2d 621 (Tex.App.—Austin 1984, no writ); *Rose v. Rose,* 598 S.W.2d

889, 892 (Tex.Civ.App.—Dallas 1980, writ dism'd); *Fine v. Scott*, 592 S.W.2d 56, 58 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.); *Layton v. Layton*, 538 S.W.2d 642, 643 (Tex.App.—San Antonio 1976, writ ref'd n.r.e.).

Because the trial judge continues to serve on the district court, we believe the error in this case is remediable. *Cherne Indus., Inc.*, 763 S.W.2d at 773. We abate the appeal and direct the district court to file findings of fact and conclusions of law with the district clerk on or before November 30, 1992. Thereafter, the parties shall have the rights granted in TEX.R.CIV.P. 298. Heafner & Associates is directed to file a supplemental transcript with the clerk of this Court on or before December 14, 1992. If any of the parties desire to file a supplemental brief, they shall file written motions on or before December 18, 1992, requesting additional time to file such briefs.