Howell v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-140-CR

     DANA HOWELL,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 3
Dallas County, Texas
Trial Court # F89-67963-J
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Howell from a judgment revoking his probation and sentencing
him to ten years in the Texas Department of Criminal Justice, Institutional Division.
      Appellant was charged with and tried for possesion of cocaine less than twenty-eight grams. 
On December 27, 1989, he was placed on four years deferred adjudication probation. On March
10, 1992, he was adjudicated guilty and placed on ten years probation. On August 27, 1992, he
was placed on shock probation. On February 14, 1994, the State filed a motion to revoke
Appellant's probation alleging he violated the terms of his probation by (1) not reporting to his
probation officer for the months of September, November, December in 1993, and January 1994;
(2) not paying $240 in probation fees; and (3) failing to notify the probation department of a
change of address.
      On February 24, 1994, a revocation hearing was held in which Appellant pled "true" to the
violations that he did not report to his probation officer as alleged, and that he did not pay his
probation fees as alleged. He pled "not true" to failing to notify the probation officer prior to
changing his address. 
      A written stipulation of evidence which included the two alleged probation violations to which
Appellant pled "true," was signed by Appellant and offered in evidence. The trial court found all
three alleged probation violations occurred, revoked Appellant's probation, and sentenced him to
a term of ten years.
      Appellant appeals on two points of error.
      Point one: "The trial court erred in failing to withdraw Appellant's pleas of true to the motion
to revoke probation."
      Although Appellant pled true to failing to report to his probation officer and failing to pay his
probation fees, he testified he failed to pay his probation fees because he did not have the money;
that he did not report to his probation officer in November because he was working; that his
probation officer was on vacation in December; and that he called her in January and she told him
that she had "already turned him in," so he concluded "it didn't make sense to report in January."
      The probation officer testified that Appellant did not pay his fees and did not report, as alleged
in the State's motion to revoke.
      Appellant contends that because he presented defensive evidence, the trial court should have
withdrawn his pleas of "true."
      There is no duty on a trial court to withdraw a plea of true in a revocation of probation
proceeding even if the probationer presents a defensive issue. Moses v. State, 590 S.W.2d 469
(Tex. Crim. App.).
      Point one is overruled.
      Point two: "The evidence is insufficient to sustain the trial court's finding that Appellant
violated his probation by changing his address without permission."
      The probation officer testified she was unable to locate Appellant in November 1993 at the
address he had provided, and that she was unable to reach him by phone. She sent him a
delinquency letter to the address which the post office returned stating on the front of the envelope
that Appellant had moved and had not provided a forwarding address. Appellant testified he had
not moved and that the post office had made a mistake in returning the letter with that notation. 
      We find the evidence sufficient to sustain the trial court's finding.
      Point two is overruled.
      In any event, proof of any one of the alleged violations is sufficient to support the order
revoking probation. Moses, supra; Homes v. State, 752 S.W.2d 700 (Tex. App.—Waco).
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 29, 1995
Do not publish 



e-height: 0.388889in">      In point three, TC&C argues that the Sherrods are not entitled to attorney’s fees under the
Texas Declaratory Judgment Act. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 
1997). TC&C argues in point six that it is entitled to the return of its earnest money and an
award of attorney’s fees as a matter of law. The jury found that, with regard to any
negotiations between the parties, there was no enforceable oral modification of the original
written real estate contract and awarded the Sherrods $10,000 in attorney’s fees.
      The parties agree that the Sherrods’ counterclaim of slander of title is a tort cause of action
that will not support an award of attorney’s fees. However, the Sherrods claim that under the
Declaratory Judgment Act, their requests that the court declare that 1) TC&C has no interest in
the property and 2) the lis pendens is void, properly paved the way for the award of attorney’s
fees. A discussion of the Declaratory Judgment Act and its attending jurisprudence is
unnecessary at this juncture because TC&C has failed to preserve this issue for review.
      Texas Rule of Civil Procedure 90 states that:
. . . Every defect, omission or fault in a pleading either of form or of substance,
which is not specifically pointed out by exception in writing and brought to the
attention of the judge in the trial court before the instruction or charge to the jury or,
in a non-jury case, before the judgment is signed, shall be deemed to have been
waived by the party seeking reversal on such account . . .

Tex. R. Civ. P. 90.

      A party waives any error in the award of attorney’s fees under the Declaratory Judgment
Act if that party fails to specially except to the pleading requesting declaratory relief prior to
delivering the charge to the jury for deliberations. See Boatman v. Lites, 970 S.W.2d 41, 43
(Tex. App.—Tyler 1998, no pet.); HECL Exploration v. Clajon Gas, 843 S.W.2d 622, 638
(Tex. App.—Austin 1992, writ. denied).
      In this case, TC&C did not complain of the declaratory relief requested by the Sherrods
prior to delivery of the charge to the jury. Therefore, it has waived any error with regard to
the award of attorney’s fees to the Sherrods under the Declaratory Judgment Act. Point three
is overruled.
      TC&C claims in point six that it is entitled to the return of its earnest money because the
Sherrods breached the real estate contract as a matter of law. TC&C prayed for the return of
the earnest money in its petition but did not request the submission of a jury charge on this
issue. 
      Generally, the failure to submit a question on a ground of recovery waives the ground. 
See Southwestern Bell v. DeLanney, 809 S.W.2d 493 (Tex. 1991). Rule 279 states that “all
independent grounds of recovery or of defense not conclusively established under the evidence
and no element of which is submitted or requested are waived.” Tex. R. Civ. P. 279. 
However, such failure is not waiver where the ground is established “as a matter of law.” See
Brown v. Bank of Galveston, 963 S.W.2d 511, 515 (Tex. 1998).  
      Under the terms of the contract, TC&C’s obligation to purchase the property was
expressly contingent on TC&C’s ability to secure satisfactory financing. If this condition
precedent to closing was not met, then TC&C, after notice to the Sherrods, was entitled to the
return of its earnest money. In this case, TC&C presented evidence that Cameron Henderson,
president of TC&C, sent a letter to the Sherrods in September 1993 indicating that he was
unable to obtain financing and requesting return of the earnest money. TC&C also introduced
evidence that in October 1993, TC&C sent another letter to the Sherrods requesting the return
of its earnest money. The record reflects that the Sherrods refused to return the earnest
money. Based on this uncontradicted evidence, TC&C has established that the Sherrods
breached the real estate contract and that TC&C is entitled to the return of its earnest money as
a matter of law. See Brown, 963 S.W.2d at 515.
      TC&C also argues in point six that it is entitled to an award of attorney’s fees under
section 38.001(8) of the Texas Civil Practice and Remedies Code because the Sherrods
breached the real estate contract. The Sherrods claim that TC&C is not entitled to attorney’s
fees because TC&C, not the Sherrods, breached the contract. 
      Section 38.001 states that “a person may recover reasonable attorney’s fees from an
individual or corporation in addition to the amount of a valid claim and costs, if the claim is
for an oral or written contract.” See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)
(Vernon 1997). A court has no discretion to deny the award of attorney’s fees established
under section 38.001. See Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998); D.F.W.
Christian Television v. Thornton, 933 S.W.2d 488, 490 (Tex. 1996).
      Because we have found that the Sherrods breached the real estate contract by failing to
return the earnest money pursuant to the terms of the contract, TC&C is entitled to recover
reasonable attorney’s fees under section 38.001(8). Point six is sustained. 
Findings of Fact
      TC&C argues in point four that the trial court improperly included findings of fact in the
judgment. Similarly, it argues in point five that the trial court improperly awarded damages to
the Sherrods in the court’s findings. TC&C claims that the additional relief provided for in the
findings of fact should be ignored. We agree. There is no requirement or authority in the
Texas Rules of Civil Procedure for findings of fact in a jury trial. See Heafner v. Koecher,
851 S.W.2d 309, 312 (Tex. App.—Houston [1st Dist.] 1992, no writ); Bachynsky v. State, 747
S.W.2d 847, 861 (Tex. App.—Dallas 1988), rev’d on other grounds, 770 S.W.2d 563 (Tex.
1989). Therefore, the court’s findings are improper and of no effect on appeal. Accordingly,
we will ignore the court’s findings and delete the award of damages to the Sherrods. Points
four and five are sustained.
Charge Questions
      In point two, TC&C argues that the trial court erred by including the word “enforceable”
in questions one and two, which concern alleged oral modifications to the earnest money
contract. TC&C claims that this was an improper comment on the weight of the evidence. 
TC&C argues in point eight that it is entitled to affirmative answers to questions one and two
as a matter of law, or in the alternative, the jury’s answers to questions one and two are against
the great weight and preponderance of the evidence.
      To preserve error in the charge, a party must “point out distinctly the objectionable matter
and the grounds of the objection.” Tex. R. Civ. P. 274. Any complaint as to a question,
definition or instruction is waived unless specifically included in the objection. See id. A
party fails to preserve alleged charge error where its complaints on appeal do not comport with 
its objections at trial. See Summit Mach. Tool Mfg. v. Great Northern Ins., 997 S.W.2d 840,
849 (Tex. App.—Austin 1999, no pet.).
      In this case, TC&C objected at trial that the word “enforceable” included in questions one
and two was “unnecessary” and “might confuse the jury.” On appeal, TC&C argues that the
word “enforceable” was an improper comment on the weight of the evidence. TC&C properly
preserved its objections to questions one and two by objecting to the question and requesting
questions with the term removed. TC&C argues that although the complaint on appeal differs
from its trial objection, the objection that the term was “unnecessary” and “might confuse the
jury” is sufficient to preserve error as an improper comment on the weight of the evidence. 
We disagree. An objection that a term is “confusing” is not the same as an objection that the
term is a comment on the weight of the evidence, and TC&C does not provide any authority to
support its proposition. Therefore, point two is overruled.
      TC&C claims in point eight that it is entitled to affirmative answers to questions one and
two because it has established an oral modification of the earnest money contract as a matter of
law. To determine whether TC&C established an oral modification of the earnest money
contract as a matter of law, we consider only the evidence and inferences supporting the jury’s
verdict and disregard all contrary evidence and inferences. See Victoria Bank & Trust v.
Brady, 811 S.W.2d 931, 940 (Tex. 1991); Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690
(Tex. 1989); Brush v. Reata Oil and Gas Corp., 984 S.W.2d 720, 725 (Tex. App.—Waco
1998, pet. denied). If the record contains some evidence supporting the verdict then TC&C
has failed to establish an oral modification of the contract as a matter of law. See id. 
However, if no supporting evidence exists in the record then we examine the entire record to
determine whether TC&C established an oral modification of the contract as a matter of law. 
See id.
      The evidence in this case establishes that the written real estate contract terminated in
September 1993 when TC&C sent the Sherrods the first letter indicating that TC&C did not
wish to purchase the property. Therefore, the evidence is conclusive that there could be no
oral modification of the contract in either November 1993 or October 1994. Consequently,
TC&C has failed to establish an oral modification of the earnest money contract as a matter of
law.
      TC&C also claims in point eight that the jury’s answers to questions one and two are
against the great weight and preponderance of the evidence. Such a challenge requires us to
consider and weigh all the evidence, not just the evidence which supports the verdict. 
Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998); In re King’s Estate,
150 Tex. 662, 664-65, 244 S.W.2d 660, 661 (1951). We will set aside the verdict only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Ellis, 971 S.W.2d at 407.
      The record in this case reflects that the earnest money contract signed by the parties
effectively terminated upon receipt of TC&C’s first letter to the Sherrods indicating that TC&C
did not wish to purchase the property. Accordingly, we cannot say that the jury’s answers to
questions one and two are contrary to the overwhelming weight of the evidence. Point eight is
overruled.
                                             Immaterial Issue Submission
      In point seven, TC&C argues that the trial court erred by submitting question number nine
to the jury. TC&C claims that it was prejudiced because the submission of question number
nine allowed the Sherrods’ counsel to argue that TC&C slandered the title of the Sherrods
without presenting any supporting evidence. The Sherrods argue that the submission and
subsequent argument on slander of title does not constitute reversible error because TC&C has
shown no substantive evidence of harm or prejudice. Question number nine asked “Did
TC&C slander the title of Danny and Wendy Sherrod, in reference to the property in
question.” The jury answered in the affirmative.
      A slander of title cause of action requires that a party prove six elements: 1) the uttering
and publishing of disparaging words; 2) falsity; 3) malice; 4) special damages; 5) possession of
an estate or interest in the property disparaged; and 6) the loss of a specific sale. See Duncan
Land & Exploration v. Littlepage, 984 S.W.2d 318, 332 (Tex. App.—Fort Worth, pet.
denied); Hill v. Heritage Resources, 964 S.W.2d 89, 110 (Tex. App.—El Paso, pet. denied). 
The only evidence of slander of title presented by the Sherrods was through the testimony of
Danny Sherrod:
Q: Danny, can you tell the jury whether or not there was a point in time when a
company was interested in possibly re-leasing the oil and gas interest under this
property?
 
            . . . .
 
            A: Yes
Q: All right. Were there negotiations that took place between you and a particular
company?
            A: Yes.
            Q: What was the name of the company?
            A: Marathon
            Q: Marathon Oil Company?
            A: Yes.
            Q: All right. Did those negotiations, unfortunately, end?
            A: Yes.

            . . . .
 
Q: What conversation, if any, did you have with Cameron Henderson about the end of
your negotiations with Marathon Oil?
A: The conversations I had with Cammy was at the Old Union store when I called
him and asked him: ‘Why are you claiming to own this property?’ He said ‘cause I
own it. I got a piece of it.’ He said, ‘You just going to have to give it to me.’
Something similar to them words.
            Q: What year was that?
            A: 1997. First of ‘97 end of ‘96.

      Before Danny Sherrod testified with regard to slander of title, counsel for TC&C objected
that the Sherrods should not be allowed to put on any evidence of damages because the
Sherrods had failed to supplement discovery and failed to provide TC&C with a method of
calculating damages for slander of title. The court sustained TC&C’s objection and ruled that
the Sherrods were prohibited from presenting any testimony on damages resulting from
TC&C’s alleged slander of title. Thus, question number nine should not have been submitted
in the charge.
      TC&C argues that because question number nine was submitted, it allowed the Sherrods’
counsel to inject inflammatory and harmful material into the case. The Sherrods argue that
regardless of the propriety of submitting question number nine in the charge, TC&C suffered
no harm as a result. We agree. The argument was a restatement of the testimony elicited from
Danny Sherrod during trial and was not inflammatory. After a review of the record we find
that the improper argument did not cause the rendition of an improper judgment. See Tex. R.
App. P. 44.1(a)(1). Point seven is overruled.
Conclusion
      We affirm the award of attorney’s fees to the Sherrods. We reverse the judgment of the
trial court awarding damages to the Sherrods and render judgment that TC&C is entitled to the
return of its earnest money. We reverse and remand TC&C’s claim for attorney’s fees to the
trial court for further proceedings consistent with this opinion. 


 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed in part, reversed and rendered in part, reversed and remanded in part
Opinion delivered and filed August 22, 2001
Do not publish