COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Juan Jose Rojas v. Lilian Guardado

Appellate case number:   01-13-00049-CV

Trial court case number:  2010-01030

Trial court:              311th District Court of Harris County

On October 11, 2012, the trial court entered an "Order Adjudicating Parentage," in which it determined that appellant Juan Jose Rojas is the father of a minor child and that Rojas has net monthly resources of $2,015. The trial court ordered Rojas to pay $403 per month in child support. The trial court also ordered Rojas to pay retroactive child support in the amount of $17,592.00. The latter figure was apparently based on a calculation of 79 months from January 2006 through July 2012 at $403 per month, minus a credit for child support previously paid. The order refers to section 154.130 of the Family Code and makes three findings and conclusions, purportedly in according with that statute. After entry of the Order Adjudicating Parentage, Rojas timely requested that the court enter findings of fact and conclusions of law pursuant to section 154.130 of the Family Code and timely filed a Notice of Past Due Findings of Fact and Conclusions of Law. *See* TEX. R. CIV. P. 297. The trial court failed to enter findings of fact and conclusions of law. Rojas also timely filed a motion for new trial, which was denied. On appeal, Rojas challenges the determination of his net monthly resources and, by extension, the calculation of the amounts of future and retroactive child support that he owes, as well as the denial of his motion for new trial.

In rendering an order of child support, a trial court must enter findings of fact upon a party's timely request or if "the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable." TEX. FAM. CODE ANN. § 154.130(a) (West 2012). Such findings must include a statement "whether the application of the guidelines would be unjust or inappropriate," as well as the following:

"(1) the net resources of the obligor per month are $_____;"
"(2) the net resources of the obligee per month are $_____;"
"(3) the percentage applied to the obligor's net resources for child support is _____%;" and

(4) if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable.

*Id.* § 154.130(b).   If a party timely requests such findings and the court fails to comply, "harm to the complaining party is presumed unless the contrary appears on the face of the record." *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (citing TEX. R. CIV. P. 296; *Cherne Indus. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989)).   "Error is harmful if it prevents an appellant from properly presenting a case to the appellate court."   *Id.* (citing TEX. R. APP. P. 81(b)).   A party should not have to guess why the court ruled against it. *Heafner & Assocs. v. Koecher*, 851 S.W.2d 309, 313 (Tex. App.—Houston [1st Dist.] 1992, no writ).   The remedy for such a harmful error is for the appellate court to abate the appeal for the entry of additional findings and conclusions. *Tenery*, 932 S.W.2d at 30; *Heafner & Assocs.*, 851 S.W.2d at 313.

Here, the trial court made only some of the findings required by statute, namely the net monthly resources of Rojas and the percentage applied to those resources.  The trial court made no findings as to (1) whether the application of the statutory child support guidelines would be unjust or inappropriate or (2) the net monthly resources of obligee Lilian Guardado.  In addition, the trial court did not state what amounts and sources of income it used to determine the net monthly resources available to Rojas.  Finally, the Order Adjudicating Parentage implies a finding that Rojas is self-employed.  Based on the record currently before this court, however, the $2,015 that the trial court found in net monthly resources appears to be derived from the Office of the Attorney General's 2012 tax table for employed persons.  The present, future, and retroactive child support payments ordered by the trial court are all apparently based on the $2,015 figure.  Thus, whether the trial court abused its discretion in calculating Rojas's net monthly resources is the controlling question in this appeal.  It is not apparent on the face of the record that the trial court's failure to enter findings of fact was harmless to Rojas.

Abatement for findings of fact is necessary to allow Rojas to present its appeal.  We therefore abate this appeal.  The trial court is directed to make written findings and conclusions on: (1) whether the application of the statutory child support guidelines would be unjust or inappropriate; (2) the net monthly resources of obligee Guardado; (3) the sources of Rojas's income and the amount attributable to each; (4) whether Rojas is employed or self-employed for purposes of calculation of child support; and (5) any other matters the trial court deems relevant or necessary.  The written findings and conclusions of the trial court shall be included in a supplemental clerk's record and sent to this Court **within 30 days of the date of this order**.

It is so ORDERED.

Judge's signature: /s/ Justice Michael Massengale _____
                            ☒ Acting individually     ☐ Acting for the Court


Date:  September 26, 2013